This suit was instituted by the appellee, John Roemer, against the appellant, the Galveston, Harrisburg San Antonio Railway Company, in the County Court of Guadalupe County, on the 11th day of September, 1888, for the avowed purpose of recovering damages of the said defendant in the sum of $1000 — $500 actual and $500 exemplary damages. The plaintiff alleged that on the 17th day of February, 1887, he purchased of defendant's agent at Seguin a ticket which entitled him to one passage from the depot in Seguin to the depot in Kingsbury, a distance of about ten miles.
That on the said 17th day of February, 1887, at about 9 o'clock p. m., he boarded the cars of defendant, and that soon after said train had pulled out from the depot at Seguin the conductor came to plaintiff and took up his said ticket. That defendant's servants failed to check said train of cars when the station of Kingsbury was reached, but that said train ran by said station at a great rate of speed, and never checked until it ran about two and one-half miles beyond said station, when it came to a halt; and that the servants of said defendant in charge of said train willfully deceived plaintiff and caused him to leave said train at a point two and one-half miles from the station of Kingsbury, the place of his destination. *Page 193 
He further alleged that the night was dark, cold, and ramy, and that he was in the manner aforesaid induced to leave said train at a late hour of the night, and that in making his way home to Kingsbury he slipped and many times fell, and from said falls received injuries to his person and suffered great mental and physical pain, to his damage aforesaid.
The defendant answered, first, by setting up by special demurrer the statute of one year's limitation — the plaintiff having alleged that his injuries complained of were received on the 17th day of February, 1887, and the suit having been commenced on the 11th day of September, 1888. It further plead specially limitation of one year; that "while the train ran by the station of Kingsbury, which was for the train on which plaintiff was being transported only a flag station, that said train was never checked at said station unless some one wished to get off or on said train. That the servants in charge of the train were aware that plaintiff wished to get off at Kingsbury, but that the bell cord became foul on approaching the said station and the conductor was thereby prevented from giving the usual signal for the engineer to stop said train, and in consequence of said unavoidable accident the train was pulled by said station for a distance of about four hundred yards, where plaintiff voluntarily got off from said train; that nothing on the part of the servants of defendant was done in malice or hatred."
The jury found a verdict in favor of the plaintiff, and gave him $500 damages — $250 exemplary damages and $250 actual damages — and it is from this verdict and judgment this appeal is taken.
The first assignment of error complains of the action of the trial court in overruling the special demurrer addressed to the petition, on account of the action being barred by the statutes of limitation of one year, the suit being filed about eighteen months after the injuries complained of were received.
The contention of appellant is that the action is one of tort, and is barred in one year from the date of infliction of the injuries, and is regulated by subdivision 1 of article 3202, Revised Statutes.
Upon the other hand, the appellee contends that the cause of action is based upon a breach of the contract to safely deliver and put him down at the place agreed upon.
Which of these diverse views is correct, presents the question for our determination.
The basis of this action rests not upon the naked violation of the contract to safely put the passenger down at the station agreed upon, but for the personal injuries received by the passenger growing out of negligent failure of the appellant to perform its duty to the appellee, and for the willful conduct of the servants of appellant in inducing appellee to leave the train at the point other than his destination. The damages *Page 194 
sought to be recovered flow from mental and physical injuries sustained by appellee, resulting from the gross negligence of the servants of appellant.
The foundation of every tort lies in the violation of some legal duty or some unlawful act or omission.
The essence of the wrong in this case consists in the violation of the duty that the carrier owed to the passenger, and the willful and negligent failure to perform the acts tending to an observance of this duty. This duty is a thing different from the mere contract obligation, and the right of action rests not alone upon the contract obligations of the parties, but upon the negligence in failure to observe this legal duty. "The duty and the tort grow out of the entire range of facts, of which the breach of the contract was but one."
New Orleans, Jackson Great Northern Railway Company v. Hurst, 36 Mississippi, 665, was a case in which the carrier carried the passenger beyond the station agreed upon in the contract of carriage, and compelled him to leave the train at a place beyond such station. The jury in this case awarded the plaintiff $4500, and it was insisted upon the part of the railroad company that the action was one of contract, and no special damages being claimed in the declaration, and as exemplary damages were not recoverable, the verdict of the jury was excessive.
The court say: "Under our system of pleading, the formal distinctions between actions are abolished, and the declaration states the facts which constitute the cause of action plainly, distinctly, and substantially. In determining, therefore, the character of action, we look to the substance of the whole statement and not to the mere formal language in which it is expressed. * * * Hence, where facts are plainly and distinctly stated, the action will be regarded as either in tort or contract; having regard, first, to the character of the remedy such facts indicate; and second, to the most complete and ample redress which, upon the facts stated, the law can afford; with due regard to the rights of the defendant. The character of the action must be determined by the nature of the grievance rather than the form of the declaration. And in cases of this character (against common carriers), the courts are inclined to consider it as founded in tort, unless a special contract very clearly appears to be made the gravamen and object of the complaint in the declaration. These doctrines are clearly and distinctly announced in the case of Heim v. McCaughn, 32 Mississippi, 39.
"The case before us presents under these views the inquiry whether this declaration seeks to recover damages for the breach of the contract stated therein, or whether the wrong or injury complained of was that the defendant in error, after acquiring the right to travel on plaintiff's cars, by contract, to a certain depot, while lawfully in the enjoyment of that right, was compelled to leave said cars at a distance from the place of his destination, by defendant? *Page 195 
"The contract is stated as inducement to the action; as the foundation of the defendant's in error right to be in the cars; to show that he was lawfully there.
"The declaration next shows that without the consent and against the remonstrance of the defendant in error, he was forcibly carried beyond the point where it was the duty of plaintiff in error to have allowed him to stop, and the declaration shows that he was compelled to leave the train at that point. Here is not only a breach of contract and violation of a public duty by the carrier, but a willful and forcible wrong. The case is therefore much stronger for defendant in error than were the facts in the case of Heim v. McCaughn, 32 Mississippi, 1.
"A violation of a general duty to the public was in this case regarded as sufficient to determine the character of the action as one founded in tort and not in contract, and sufficient to authorize the jury in awarding exemplary damages. The decision in this case is conclusive of the question presented in this as to the form of action as well as the right of the jury in such cases to find the damages."
Cregin v. Brooklyn Crosstown Railway Company, 75 New York, 192, was an action by the husband against a carrier to recover for loss of services of the wife, and for expenses paid in consequence of injuries to her person, resulting from defendant's negligence while she was a passenger. Held by the court to be an action grounded in tort.
From the entire range of the facts as pleaded, it appears that the contract was simply alleged as matter of inducement showing the obligation resting upon appellant, and of appellee's right to be upon its train of cars. And that the gravamen of the action rests upon the violation of the duty resting upon appellant, of which the breach of the contract is simply an incident. The facts show an action for personal injuries resulting from a violation of the duty owing to appellee by the appellant. If it was simply an action founded upon contract, upon what principle could exemplary damages be awarded, as are claimed in the petition? In the absence of our statute giving a cause of action to the heirs of a decedent, could the heirs of appellee have maintained a suit in the event he had died from the injuries complained of in this case? We think not. It is just such character of action, as is fully illustrated by the books, that does not survive at common law. If it was an action simply upon contract, it would survive and the heirs would have their remedy.
We think the court erred in not sustaining the demurrer.
It is claimed by appellee that there is an allegation showing damage done to the clothes worn upon the person of appellee at the time the injuries were received, and that such damage being to property, that item is not affected by the statute of limitations of one year. We do not regard the pleadings as having this effect. There is no express allegation showing any amount of damages to the clothes of appellee. And the entire *Page 196 
claim for damages seems to be based upon the mental and personal injuries received by the appellee.
Judgment reversed and rendered in favor of appellant.
Reversed and rendered.