GUS F. MARTIN v. THE WESTERN UNION TELEGRAPH COMPANY.

No. 697.

**Limitation — Mental Suffering — Personal Injury.** — An action for mental suffering resulting from the nondelivery of a telegram, is for personal injury, and is barred within one year.

APPEAL from Tarrant.   Tried below before Hon. N. A. STEDMAN.

*Carlock & Powell*, for appellant.—Plaintiff's cause of action was founded upon the breach of a written contract, and would not be barred by the one year statute.   Rev. Stats., arts. 3207, 3203, 3202; Stewart v. Tel. Co., 66 Texas, 581; Bear Bros. & Hirsch v. Marx & Kempner, 63 Texas, 299; Tel. Co. v. Cooper, 71 Texas, 511; Millington v. Railway, 2 Willson's C. C., sec. 171.

*Field, Brown & Camp*, for appellee.—The court did not err in sustaining defendant's exception, setting up the statute of limitation of one year as a bar to plaintiff's cause of action; it was for an injury to the feelings of plaintiff, an action for personal injury.   2 Sayles' Civ. Stats., art. 3202; Railway Co. v. Roemer, 1 Texas Civ. App., 191; Rowell v. Tel. Co., 75 Texas, 26; Toten v. Railway, 56 Texas, 642; Railway v. Irvine, 64 Texas, 529; So Relle v. Tel. Co., 55 Texas, 313; Railway v. Levy, 59 Texas, 543, 563; Stuart v. Tel. Co., 66 Texas, 580.

HEAD, ASSOCIATE JUSTICE.—Appellant instituted this suit to recover of appellee damages resulting from mental anguish caused him from its failure to promptly deliver a telegram announcing the death of his father, whereby he was deprived of the consolation of attending the funeral.

The original petition was filed eighteen months after the message was actually delivered. The court below sustained a demurrer interposing the one year statute of limitations, and dismissed the suit, from which judgment of dismissal this appeal is prosecuted.

We think the trial court correctly held this case to come within article 3202 of our Revised Statutes. This article, in prescribing the actions that shall be commenced in one year, makes the following classification:

" 1. Actions for injuries done to the person of another.

" 2. Actions for malicious prosecution, or for injuries done to the character or reputation of another by libel or slander.

" 3. Actions for damages for seduction or breach of promise of marriage.

" 4. Actions for injuries done to the person of another, where death ensued from such injuries."

The next article (3203), prescribing the actions to be commenced within two years, makes the following classification:

" 1. Actions of trespass for injury done to the estate or the property of another.

" 2. Actions for detaining the personal property of another, and for converting such personal property to one's own use.

" 3. Actions for taking or carrying away the goods and chattels of another.

" 4. Actions for debt, where the indebtedness is not evidenced by a contract in writing.

" 5. Actions upon stated or open accounts, other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents."

We think, when we construe these articles together, and in connection with the subsequent provisions of the statute prescribing longer periods in specified cases, the intention of the Legislature is manifest to make a distinction between that class of cases in which the injury is to the *person* and those in which it is to the *estate* or property of the one complaining; and that when so considered, mental suffering caused by negligence in failing to deliver a telegraphic message must be classed as an injury to the *person*, in the sense in which this word is used in the first subdivision of article 3202 quoted above. We think the clear and forcible exposition of these two articles of our statute made by the present Chief Justice of our Supreme Court in Bear Bros. & Hirsch v. Marx & Kempner, 63 Texas, 298, must lead to this conclusion. Also, see Railway v. Roemer, 1 Texas Civ. App., 191.

The judgment appealed from will be affirmed.

*Affirmed.*

Delivered March 28, 1894.