GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. BYE DE R. CLEMONS.

Decided October 19, 1898.

**Limitations—Action for Converting Personal Property.**

The two years limitations prescribed by article 3354 of the Revised Statutes for actions for converting personal property applies to an action against a common carrier for loss of goods during shipment.

APPEAL from El Paso. Tried below before Hon. A. M. WALTHALL.

*Beall & Kemp,* for appellant.

*Patterson & Wallace,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The appellee, Bye de R. Clemons, brought this suit in the District Court of El Paso County, Texas, on the 13th day of March, 1897, against the Galveston, Harrisburg & San Antonio Railway Company and the Mexican Central Railway Company, as common carriers and connecting lines with other roads, especially the New York, Lake Erie & Western Railway Company and the Queen & Crescent Railway Company, alleging in substance that on the 24th day of September, 1894, appellee delivered to defendants through the New York, Lake Erie & Western Railway Company, their agent at Cleveland, Ohio, certain household goods, freight, and merchandise consigned to V. P. Safford, to be carried and delivered to him at Escalon, Mexico; that one large box of the shipment containing certain specific goods was by the negligence of defendants, and by their failure to deliver it, as they were bound by their written contract of shipment and duty as common carriers to do, totally lost, to plaintiff's damage in the sum of $611.

Plaintiff also claimed that by reason of the delay in delivering the goods at their destination, and the loss of the box containing them, he "suffered great mental pain, moral degradation and shame, and by reason thereof could not appear in society, to his damage in the sum of $1000."

Appellant answered by specially excepting to the petition upon the grounds (1) that damages could not be recovered for mental pain, moral degradation, shame, etc.; (2) that plaintiff's cause of action was barred

by the two years statute of limitation; and by the following pleas: the general denial, the two years statute of limitations, and certain stipulations in the bill of lading exempting it from liability.

The Mexican Central Railway Company, after filing its answer, was dismissed from the suit.

The court sustained the special demurrer first referred to, but overruled the second raising the question of limitation, and also refused to submit the question of limitation to the jury.

The trial of the case resulted against the appellant for the sum of $387.10, from which it has appealed to this court.

The evidence shows that the goods were shipped from Cleveland, Ohio, on the 24th day of September, 1894, on which day appellee delivered them to the initial carrier, the New York, Lake Erie & Western Railway Company, and received from its freight agent, J. N. Booth, a bill of lading of that date, whereby said company agreed to carry plaintiff's goods to their destination, Escalon, Mexico, if on its road, otherwise to deliver to another carrier on the route to said destination; that the goods were delivered and received by appellant as a connecting carrier to be transported and delivered to appellant at Escalon; that the goods were lost in transportation by appellant, and never reached their destination, nor were received by appellant; that the goods in the regular course of transportation should have reached their destination on the 4th day of November, 1894.

The only errors assigned are the court's action in overruling appellant's special demurrer and refusing to submit the question of limitation to the jury.

Article 3354, Revised Statutes of 1895, provides that "there shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: (1) actions of trespass for injury done to the estate or the property of another; (2) actions for detaining the personal property of another, and for converting such personal property to one's own use; (3) actions for taking or carrying away the goods and chattels of another; (4) actions for debt where the indebtedness is not evidenced by a contract in writing."

Article 3356 provides that "there shall be commenced and prosecuted, within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following descriptions: (1) actions for debt where the indebtedness is evidenced by or founded upon any contract in writing; (2) actions for the penalty or for damages on the penal clause of a bond to convey real estate; (3) by one partner against his copartner," etc.

We think the article first quoted applies to and governs actions of this character. The shipping receipt or bill of lading imposed no duty upon the appellant except that which arises from the common law, i. e., to safely transport the goods with reasonable dispatch, and deliver them to the consignee at the point of destination. The duty would have been

the same had there been no shipping contract. Its failure to discharge this duty, after receiving the goods for transportation, was in law a conversion of appellee's property, and his cause of action was one of tort founded upon such conversion, rather than of debt founded upon contract in writing, and should have been commenced and prosecuted within two years after appellant failed to deliver the goods as required by law, for it was then that appellee's cause of action accrued. Railway v. Roemer, 1 Texas Civ. App., 195; Martin v. Tel. Co., 6 Texas Civ. App., 62.

As it appears from appellee's own pleadings and the uncontroverted evidence that the cause of action was barred by the statute of limitations when the suit was instituted, the judgment of the District Court is reversed and judgment here rendered in favor of appellant.

*Reversed and rendered.*