### MISSOURI, K. & T. RY. CO. et al. v. HARRIS.

(Court of Civil Appeals of Texas. Austin. May 10, 1911. Rehearing Denied June 28, 1911.)

1. CARRIERS (§ 135*)—INJURY TO PROPERTY—DAMAGES.

Where a carrier contracting for the transportation of a musical instrument did not have notice of the shipper's intention to use the instrument for any particular purpose, the measure of damages for injuries to the instrument during transportation was the difference in its value at the time and in the condition in which it arrived at the point of destination, and its value at the time and in the condition in which it should have arrived there.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 557–559, 599–604½; Dec. Dig. § 135.*]

2. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR — ERRONEOUS RULINGS ON PLEADINGS.

A charge correctly defining the general damages for a carrier's negligent failure to transport freight, and limiting a recovery to such damages, is equivalent to sustaining an exception to a part of the petition demanding special damages, and the overruling of the exception is not a ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

3. LIMITATION OF ACTIONS (§ 32*)—CARRIAGE OF FREIGHT.

A shipper delivered freight to an initial carrier for delivery by a connecting carrier. Before the freight reached the point of destination, the shipper contracted with the connecting carrier to reship the freight to another point. The initial carrier was not connected

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

with the new contract, nor with any shipment under it. *Held*, that an action against the initial carrier for injuries to the freight, brought more than two years after the freight reached the original point of destination, was barred by the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 143–145; Dec. Dig. § 32.*]

4. LIMITATION OF ACTIONS (§ 55*)—CARRIAGE OF FREIGHT.

The effect of the two contracts was to obligate the connecting carrier for a continuous shipment of the freight to the new point of destination, and an action brought against the connecting carrier within two years after the delivery of the freight at the new destination, for injuries to the freight, was not barred by the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55.*]

Appeal from McLennan County Court; Tom L. McCullough, Judge.

Action by G. B. Harris against the Missouri, Kansas & Texas Railway Company and another. From a judgment for plaintiff, defendants appeal. Affirmed in part, and reversed and rendered in part.

Appellee acquiesces in the statement of the nature and result of this suit as follows:

"This suit was instituted by G. B. Harris, appellee, against the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Company of Texas, appellants, in the county court of McLennan county, Tex., where the same was tried before a jury on June 7, 1910; judgment being rendered in favor of appellee, Harris, as against the appellants and each of them in the sum of $250. Motion for a new trial was in due time filed by the defendants, which was by the court overruled.

"For cause of action plaintiff alleged that on the 17th day of October, 1907, for and in consideration of the sum of $12.88, then paid by plaintiff to defendants' agent at Oklahoma City, Okl., the defendants agreed to safely transport over the lines of the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Company of Texas, from Oklahoma City, Okl., to Dallas, Tex., a certain calliope, a musical instrument, the property of plaintiff, which said calliope was then and there delivered to defendants by the said plaintiff and for which the defendants issued their certain bill of lading, of date October 17, 1907, to cover said shipment from Oklahoma City to Dallas, Tex. That later, on the 19th day of October, 1907, the plaintiff called upon the agent of the defendant, the Missouri, Kansas & Texas Railway Company of Texas, at Dallas, Texas, and reshipped the said calliope from Dallas, Tex., to Bruceville, Tex., over the line of the Missouri, Kansas & Texas Railway Company of Texas, at that time paying the agent of said company $5.55 and taking from said agent of said the Missouri, Kansas & Texas Railway Company of Texas, at Dallas, Tex., a certain bill of lading, of date October 19, 1907, issued by the said agent of the Missouri, Kansas & Texas Railway Company of Texas, to cover said shipment from Dallas, Tex., to Bruceville, Tex. Plaintiff further alleged that when the calliope was delivered to the Missouri, Kansas & Texas Railway Company at Oklahoma City, Okl., it was in condition, but that when delivered to him, the plaintiff, at Bruceville, Tex., by the Missouri, Kansas & Texas Railway Company of Texas, it was battered, broken, bent, and damaged in the sum of $500. Plaintiff further alleged that he had been deprived of the use of said calliope for a long time, thereby losing profits in the sum of $250, which he would have made, had said calliope been delivered to him in good condition at Bruceville, making a total of $750, for which he sought a recovery.

"Defendant the Missouri, Kansas & Texas Railway Company answered by general denial, general demurrer, and pleaded specially that the plaintiff's petition was insufficient in law, in that it sought a recovery for damages upon two different shipments over two different lines of railway between two different points, and for which two different bills of lading were issued; wherefore it could not be held to answer to the charge of plaintiff, unless plaintiff was required to elect upon which of said shipments said damages were alleged to have occurred. Said defendant further specially pleaded that the plaintiff's petition was insufficient in law, in that it sought a recovery in the sum of $250 for loss of profits occasioned by said injuries, upon the ground that the same were too remote, general, speculative, and conjectural, and not the proper measure of damage. Further pleading, the Missouri, Kansas & Texas Railway Company pleaded that the cause of action upon which plaintiff sought to hold it accrued on October 19, 1907, and that this suit was filed on October 25, 1909, wherefore more than two years had elapsed since the accrual of said cause of action; consequently it was barred by limitation. Further answering, said defendant averred that on the 17th day of October, 1907, it did receive from G. B. Harris the calliope in question, to be transported from Oklahoma City, Okl., to Dallas, Tex., and that said calliope was so transported and delivered to the said Harris at Dallas, Tex., in as good condition as when by it received from the said Harris at Oklahoma City, Okl.

"The defendant the Missouri, Kansas & Texas Railway Company of Texas answered by general denial and general demurrer, and pleaded specially that the plaintiff's petition was insufficient in law, in that the same was too general, and sought a recovery for al-

leged injuries to a certain calliope upon two different shipments, made at two different times, and from two different places, and over two different lines of railway, and for which two different bills of lading were issued. Wherefore defendant could not be held to answer, unless plaintiff was required to elect upon which of said causes of action he sought a recovery of this defendant. Defendant the Missouri, Kansas & Texas Railway Company of. Texas further specially excepted to plaintiff's petition, because the same was insufficient in law, in that it sought a recovery of $250 for the use of the musical instrument in question upon the ground that said damage, if any, was too remote, speculative, conjectural, and not the proper measure of damage. And further answering alleged that on October 17, 1907, the Missouri, Kansas & Texas Railway Company received, in Oklahoma City, from the plaintiff, G. B. Harris, a certain calliope, to be shipped and safely transported to the said G. B. Harris at Dallas, Tex., over the lines of the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Company of Texas, and that the said Missouri, Kansas & Texas Railway Company did safely transport and deliver to this defendant, the Missouri, Kansas & Texas Railway Company of Texas, said calliope, and that this defendant, the Missouri, Kansas & Texas Railway Company of Texas, did carry out and perform said contract of transportation by delivering to said Harris, at Dallas, Tex., said calliope in as good condition as when it was received by it from the said Harris in Oklahoma City, Okl. And further the defendant the Missouri, Kansas & Texas Railway Company pleaded that said calliope was delivered to said Harris on October 19, 1907, and that more than two years had elapsed since that date and the date of filing of this suit, and therefore this cause of action was barred by limitation, and defendant could not be held to answer to the same.

"Defendant the Missouri, Kansas & Texas Railway Company of Texas further specially answered that on October 19, 1907, the plaintiff, G. B. Harris, reshipped said calliope over the line of the Missouri, Kansas & Texas Railway Company of Texas, from Dallas, Tex., to Bruceville, Tex., and that on said date, to wit, October 19, 1907, the Missouri, Kansas & Texas Railway Company of Texas issued its certain bill of lading to cover said shipment of said calliope from Dallas to Bruceville, Tex., and that said calliope was transported and delivered to the said Harris at Bruceville, Tex., in as good condition as when received from the said Harris by the Missouri, Kansas & Texas Railway Company of Texas, at Dallas, Tex. That if there was any injury to the calliope it was not caused by the acts of defendant, its agents, and employés, for the same was safely and carefully transported by the said defendant."

Alexander S. Coke and Clark, Clark & Saunders, for appellants. J. W. Dudley, for appellee.

KEY, C. J. (after stating the facts as above). [1, 2] While the matter was controlled by the court's charge, and therefore does not constitute reversible error, we agree with the appellants in the contention under the first assignment of error that the court should have sustained their exception to so much of the plaintiff's petition as sought to recover $250 for the use of the calliope while in its damaged condition. The petition did not show that the defendants when they made the contract for shipment had any notice that the plaintiff was going to use the calliope for any particular purpose; and, in the absence of such notice, the measure of damage was the difference in its value at the time and in the condition in which it arrived, and its value at the time and in the condition in which it should have arrived at its destination. However, the court in its charge gave that as the correct measure of damages, which was equivalent to sustaining the exception to that portion of the petition which sought to recover special damages on account of being deprived of the use of the instrument.

[3] The uncontroverted testimony shows that the plaintiff delivered the calliope to the initial carrier on the 19th day of October, 1907, and it arrived at Dallas before the 25th day of the same month. Before it reached Dallas, the plaintiff went to the freight depot of the delivering carrier, delivered to it the bill of lading by which it was shipped to Dallas, made a contract with that carrier by which the property was reshipped from Dallas to Bruceville; the plaintiff prepaying the freight charges. After the plaintiff left the freight depot, the property arrived from Oklahoma City, and two or three days thereafter, on the 25th day of October, 1907, was shipped out of Dallas and carried to Bruceville by the defendant the Missouri, Kansas & Texas Railway Company of Texas. The other defendant, the Missouri, Kansas & Texas Railway Company, was in no wise connected with that shipment, nor with the contract by which it was made. Both defendants pleaded the two-year statute of limitation. The plaintiff's original petition was filed October 25, 1909.

There was no testimony showing that any of the injury to the property occurred while it was in possession of the Missouri, Kansas & Texas Railway Company, but it was affirmatively shown that it was in a damaged condition when it reached Dallas in the custody of the other defendant, and was in such damaged condition when that defendant delivered it to the plaintiff at Bruceville. We are of the opinion that the two-year statute of limitation applies to cases of this class. Railway Co. v. Roemer, 1 Tex. Civ. App.

191, 20 S. W. 843; Martin v. Tel. Co., 6 Tex. Civ. App. 619, 26 S. W. 136; Railway Co. v. Clemmons, 19 Tex. Civ. App. 452, 47 S. W. 731.

We also hold that there was no continuous contract of shipment from Oklahoma City to Bruceville, in so far as the initial carrier was concerned; that defendant was no party to the second contract between the plaintiff and the other defendant, by which the property was transported from Dallas to Bruceville. Therefore, as the suit was not instituted until more than two years after the shipment reached Dallas, and after the Missouri, Kansas & Texas Railway Company's connection with the transaction had ceased, we hold that, as to that defendant, the plaintiff's cause of action was barred by. limitation, and the court should have so instructed the jury and directed a verdict for it.

[4] As to the other defendant, a different state of facts exists, which, in our judgment, requires the application of a different rule of law. Before the shipment had been completed under the first contract, that defendant made another contract, the effect of which was to modify and change the original contract. By and on account of that change the Missouri, Kansas & Texas Railway Company of Texas was not required to deliver the property to the plaintiff at Dallas, but its final destination was changed from Dallas to Bruceville. The effect of the two contracts was to obligate that defendant for a continuous shipment to Bruceville; and it was not required or contemplated that the plaintiff would even see the property at Dallas, much less make such examination as would disclose the fact that it was injured. The suit was instituted within two years from the time the property was delivered to the plaintiff at Bruceville, and therefore we hold that the cause of action was not barred as against that defendant.

We have considered all the assignments and have found no reversible error, except that already noted.

As between appellee and appellant the Missouri, Kansas & Texas Railway Company, the judgment is reversed and here rendered; as between appellee and the other appellant, the Missouri, Kansas & Texas Railway Company of Texas, the judgment is affirmed.

Affirmed in part, and in part reversed and rendered.