ELDER, DEMPSTER & CO. v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS et al.

(Court of Civil Appeals of Texas. Galveston. May 5, 1913.)

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Action by Elder, Dempster & Co. against the St. Louis Southwestern Railway Company of Texas and another. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded, in conformity to the opinion of the Supreme Court (154 S. W. 975) on answer to certified question.

Edward F. Harris and Harris & Harris, all of Galveston, for appellants. E. B. Perkins, of Dallas, and John M. King and Wilson, Dabney & Meachum, all of Houston, for appellees.

REESE, J. Elder, Dempster & Co. instituted this action in the county court of Galveston county against the St. Louis Southwestern Railway Company of Texas and the International & Great Northern Railroad Company to recover $550, alleged to be the value of certain bales of cotton delivered to defendant by Gussoni & Co. at Gatesville, Tex., consignor, to shippers' order, destination Galveston, under proper bill of lading; the cotton being delivered to the carrier and bill of lading executed November 20, 1906. The cotton was not delivered. The original petition was filed February 23, 1910, alleging the facts, and that the said bill of lading and all rights thereunder had been assigned to plaintiffs. The defendants filed a special exception to the petition, on the ground that it appeared by the allegations therein that plaintiffs' cause of action was barred by the statute of limitations of two years. The exception was sustained by the trial court, plaintiffs declined to amend, and the cause was dismissed. From the judgment, plaintiffs prosecute this appeal.

The single question presented by the appeal is whether the two or four years statute of limitations applies to the action. Upon submission of the cause, this question was certified to the Supreme Court, with a full statement of the case. The question has been answered by the Supreme Court, holding that the two years statute does not apply, but that the cause of action comes under the four years statute. The opinion of the Supreme Court was delivered on March 19, 1913, 154 S. W. 975. Reference is here made to the decision in that case, not yet officially published, for a full statement, which renders any further statement here unnecessary. In accordance with the opinion of the Supreme Court, holding that the trial court erred in sustaining the special exception to the petition, the judgment is reversed, and the cause remanded. It is proper to add that our own view of the law was in accordance with the opinion of the Supreme Court, as shown by the statement accompanying the certificate; but we considered that such holding would be in conflict with the decision of the Court of Civil Appeals of the Fourth District in Railway Co. v. Clemons, 19 Tex. Civ. App. 452, 47 S. W. 731, to which view we adhere.

Reversed and remanded.