**DAVIS, Director General, etc., v. BASSETT.**
**(No. 1529.)**

(Court of Civil Appeals of Texas. El Paso. Nov. 28, 1923. Rehearing Denied Jan. 3, 1924.)

**1. Carriers ⬤⇒30—Carrier must return to shipper on demand goods it is unable to transport because rates, fares and charges not filed.**

Where a carrier receives goods for transportation which, by reason of there being no rates, fares, and charges filed and published

with reference thereto, as required by Interstate Commerce Act, § 6, par. 7 (U. S. Comp. St. § 8569), it is unable to transport, it is its duty to return the goods to the shipper upon demand.

**2. Carriers ⬤⇒30—Article in box of freight objectionable under law requiring publication of tariffs should be refused.**

Where a box delivered to a carrier for shipment contained goods a part of which could not be shipped under Interstate Commerce Act, § 6, par. 7 (U. S. Comp. St. § 8569), requiring that the rates, fares, and charges upon which goods are transported be previously filed and published, and the contents of the box so delivered is known to the carrier, it should refuse the box for shipment until relieved of the objectionable articles, to avoid liability.

**3. Limitation of actions ⬤⇒21(4)—Action for failure to deliver to consignee or redeliver to consignor freight partially incapable of transportation governed by four-year statute of limitations.**

An action against a carrier for failure to deliver to consignee or to redeliver to consignor a box containing articles which could and other articles which could not be transported under Interstate Commerce Act, § 6, par. 7 (U. S. Comp. St. § 8569), requiring the rates, fares, and charges on which goods are transported to be filed and published, is not based on detention or conversion for which the two-year statute would apply, but is founded on contract and controlled by the four-year statute of limitations.

Appeal from District Court, El Paso County.; P. R. Price, Judge.

Action by Julian M. Bassett against James C. Davis, Agent, substituted for John Barton Payne, Director General. From a judgment for plaintiff, defendant appeals. Affirmed.

Kemp & Nagle, of El Paso, for appellant.
Jones, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, J. This is the second appeal of this case to this court. The disposition made of the case on the former appeal, and the issues there presented and discussed, are found in Payne v. Bassett (Tex. Civ. App.) 235 S. W. 917. The question there presented, as we understood it, was the liability of appellant for loss of property for failure to discharge its duty to transport and deliver certain silverware, where appellant, an interstate carrier, was not authorized to receive the goods for transportation; no rate for such transportation having been filed and published, as provided under U. S. Comp. St. § 8569, par. 7. By reason of the similarity of the facts there submitted, and the history of the transaction as there stated, and the case as now presented, we refer to the case and here omit much that might otherwise be shown.

Upon the case being reversed and rendered

for trial, appellee substituted James C. Davis, Agent, party defendant in place of John Barton Payne, and asked no recovery against the railroad company. Otherwise the petition here as to the facts is substantially the same as on the former appeal, with the exception of the allegations in paragraph 7 of the present petition.

Paragraph 7 reads as follows:

"Plaintiff further says that if it should appear that the Galveston, Harrisburg & San Antonio Railroad Company and W. G. McAdoo, Director General of Railroads of the United States, were without authority to enter into the contract of transportation hereinabove referred to, and if it should appear, for any reason, that said contract is by the law or otherwise unauthorized, then nevertheless, plaintiff then says that said articles above mentioned were delivered to the said railroad company and to the said Director General of Railroads for the United States in good faith by plaintiff, and in reliance upon said contract and agreement, and that the said railroad company and the said Director General of Railroads received each and all of said articles of personal property in good faith upon the dates hereinbefore alleged, and plaintiff was entitled to have said articles returned to him within a reasonable time at Dryden, Texas, and was entitled to again have possession of said property, and plaintiff has heretofore made demand for return of said property, but the said railroad and the said Director General of said Railroads, failed and neglected to redeliver said property to plaintiff at Dryden, Texas, upon the dates hereinabove mentioned, and has at all times failed and neglected to redeliver said property at Dryden, Texas, upon the dates hereinabove mentioned, and has at all times failed and refused to redeliver said property, and said Director General of Railroads and said railroad company have converted all of said articles of personal property to their own use and failed and refused to redeliver the same to plaintiff in violation of plaintiff's rights and of the implied contract on their part to redeliver same to the plaintiff, and that same should have been redelivered to plaintiff at Dryden, Texas, on or about the 20th day of May, 1918, and there was no market for such articles there, and the reasonable value of said articles at Dryden, Texas, on March 2, 1918, and at all times until the 20th day of March, 1918, was $517.00, and by reason of the conversion of said goods by the said Director General of Railroads and said railroad company, and by reason of their refusal to redeliver said articles to plaintiff, and by reason of all of the defaults as hereinbove alleged plaintiff has been injured and damaged in the sum of five hundred and seventeen dollars ($517.00), together with interest at the rate of 6 per cent. per annum from the 20th day of March, 1918."

Appellant answered by general exception, and specially excepted because on the face of the petition it is shown that much of the shipment consisted of solid silverware alleged to have been shipped by freight, and under the law no recovery could be had therefor; further excepted as the petition seeks to recover for the value of goods received for shipment independent of the contract of shipment, and especially to the allegations in paragraph 7 of the petition on the ground that it set up a new cause of action, barred by the statute of limitation, general denial, and the rules and schedules filed with the Interstate Commerce Commission and duly approved, against the acceptance for shipment of silverware.

The case was tried without a jury, and the trial court made and filed his findings of fact and conclusions of law, and rendered judgment in favor of appellee.

The findings of fact as found by the court, and of which no error is assigned, are substantially as follows:

(1) On or about March 2, 1918, appellee at Dryden, Texas, delivered to W. G. McAdoo as Director General of Railroads the following property, stating same by items and value of each item which had the reasonable value, as stated, at Dryden, Texas, and including the items of the silverware, the value of which is sued for. (For brevity we omit itemizing.)

(2) The freight agent at Dryden was informed of the exact contents of the shipment, and received same for transportation to Chicago, issuing a bill of lading describing the shipment in question as "one box of cut glass." This shipment was never delivered to the consignee in Chicago.

(3) At the time of the receipt of the property there was a valid regulation of the Interstate Commerce Commission which governed the freight shipment in question: "Rule 3. Unless otherwise provided the following property will not be accepted: [Stating other items not involved here and concluding] * * * Precious metals or articles manufactured therefrom. * * *"

(4) Under the rules of the Interstate Commerce Commission applying to this carrier it is nowhere provided, that articles of solid silverware should or could be accepted. The rule as above stated applies to the shipment in question in this suit.

(5) Within about two weeks after the shipment in question plaintiff asked the agent at Dryden, Texas, for the return of the articles embraced in the shipment, but same has never been returned.

(6) The package containing the articles as above was received by the agent and placed on the carrier's train at Dryden, Texas.

(7) The aggregate value at Dryden and Chicago, on the dates relevant to this entire shipment, was $517. The value of the portion thereof which consisted of articles manufactured from silver was $428.

As several of the propositions assign error to the trial court's conclusion of law, we state them here. They are substantially as follows:

(1) The carrier could not lawfully contract

to carry to Chicago the silverware in the shipment. The bill of lading which issued was, as to silverware, void. It had the lawful power and authority to contract to carry the articles in the shipment other than silverware, and it having failed to deliver same it is bound to plaintiff to the extent of the reasonable value thereof at Chicago, Ill. which is found in the findings of fact to be $89.

(2) As to the silverware in the shipment a carriage of same by defendant was unlawful. Its possession thereof was not unlawful.

(3) Where a public carrier receives goods for the purpose of transportation, and it has not the lawful right to so receive and carry same, an implied contract arises to redeliver the goods to the consignor on demand. The receipt of the goods by the defendant under such circumstances is sufficient evidence to establish the implied or quasi contract to return same.

The failure to redeliver on demand establishes prima facie a breach of the legal duty imposed by such implied or constructive contract. If the carrier has satisfied its legal duty, or same has been discharged or excused, it is incumbent upon defendant to allege such justification or excuse, and to establish same by proof.

(4) The vital and essential facts upon which plaintiff relies in his second amended original petition having been stated in both his original petition and his first amended original petition, and his second amended original petition, his cause is not barred by the statute of limitation.

(5) Plaintiff is entitled to recover from defendant judgment in the sum of $517, together with interest thereon at the rate of 6 per cent. from the 1st day of April, 1918. Let judgment be so entered.

### Opinion.

The appellant presents several propositions, the first three assigning error to the judgment of the court by reason of the fact, as found by the trial court, of there being no schedule or tariff filed with or approved by the Interstate Commerce Commission for the transportation by freight of silverware, of the value of $428; paragraph 7 of section 6 of the Interstate Commerce Act providing that no carrier shall engage or participate in the transportation of property unless the rates, fares, and charges upon which same are transported by said carrier have previously been filed and published as provided in said act, it was error to render judgment for the value of the silverware, when other shippers of the same commodity would have been required to pay a greater rate for shipping same by express or other modes of transportation.

Propositions 4, 5, and 6 are directed to the conclusions of law by the trial court to the effect that while carriage of the silverware was unlawful its possession was not, and that the receipt of the goods, under the circumstances as stated, is sufficient evidence to establish an implied or quasi contract to return the goods to the shipper, and that where it was not the lawful right of the carrier to so receive or carry said goods for transportation an implied contract arises to redeliver the goods to the shipper on demand, and that it was incumbent on the defendant carrier to allege and prove justification or excuse for not returning the goods after receiving same for transportation.

The seventh proposition claims error in the court's conclusion that the cause of action was not barred by the statute of limitation of two years.

As suggested by the statement of appellee's cause of action, his suit here is not for a breach of duty to carry and deliver the goods to their destination, as appellant undertook to do by receiving the goods for shipment and issuing the bill of lading therefor; but having once received the goods into its possession for shipment, and failing to deliver the goods to the consignee at their destination, it was appellant's duty to redeliver the goods to appellee, the shipper, and the suit as now presented is to recover for the value of the goods which the carrier failed to ship and failed to redeliver to the shipper.

[1] We concur in the view of appellee, as expressed by the trial court in the conclusion of law as above that, having received the goods for transportation, though unable to transport them by reason of there being no rates, fares, and charges filed and published as provided in the act above referred to, it was appellant's duty to return the goods to appellee on demand.

As said by Judge Higgins in his concurring opinion on the former appeal of this case, the contract to transport the goods, though unlawful, is not in itself immoral, and, in cases where one has parted with property on the faith of such an unlawful contract, relief in all instances will not be denied, and referred to the rule thus stated by Mr. Justice Gray in Central Transportation Co. v. Pullman Palace Car Co., 139 U. S. 60, 11 Sup. Ct. 478, 35 L. Ed. 55, and a number of other references to the same effect.

[2] Other goods to the value of $89 which could be shipped on the tariff rates were in the box with the silverware, but were not delivered to the consignee nor returned to appellee. Appellant states it as a rather strange holding that the carrier would be required to open a carefully packed box and sort out the articles entitled to transportation, rebox them, and send them on to their destination, and return to the shipper the

articles not entitled to shipment. This might be true if the carrier had not known the contents of the box when it received it for shipment; but the finding is that appellant was informed of the exact contents of the shipment, and, so knowing, labeled it "one box of cut glass," received it for shipment, and put it on the train. The carrier could, upon such information, and probably should, have refused to receive the box for shipment until the shipper had relieved the box of the silverware.

[3] We think the most serious question in the case to sustain appellee's cause of action is the question of limitation. The shipment was made about March 2, 1918; the suit was filed August 9, 1919; the amended pleading making James C. Davis, Agent, under federal control, was filed March 9, 1923. In the original petition appellee alleged that the railroad company and Walker D. Hines, Director General, have failed and refused to deliver said goods to him or to his agent at Chicago, and now refuses to do so, and further, that—

"By reason of the failure of the defendant [railway company] to comply with its agreement to solely transport and deliver said goods * * * at Chicago, * * * plaintiff has suffered damages * * * [the same items and damages as here] and the defendant * * * has become bound and obligated and indebted, and has promised to pay * * * by reason of the carelessness, negligence and default of the defendant * * * failing to deliver said box," etc.

On the former appeal appellee's contention under this counter proposition to appellant's assignments were to the effect that the goods in question having been received by the carrier for transportation under a contract of carriage, and the carrier having failed to account for or make delivery of the goods, liability arose by reason of the loss. The view we entertained of the cause of action was that it was based wholly on the failure of the carrier to perform its duty to transport and deliver the goods at its destination on the contract of transportation.

The courts have often held, as suggested by appellant, in effect, that a suit on an express contract does not stop the running of the statute against an implied contract. The suit here, however, is not based upon a breach of an implied contract—that is, not upon a contract founded upon inference and implication from acts or conduct of the carrier that he would ship the goods—but is, in effect, a suit for the value of the goods delivered and accepted for shipment upon a written contract, but not shipped nor redelivered to the shipper on demand. If, by reason of the facts stated, a cause of action would not lie as to the silverware for the failure to ship the goods upon an express contract, it follows that a cause of action

would not lie for failure to ship the silverware upon an implied contract to ship the goods under the same state of facts. But such is not the cause of action here.

A portion of the goods involved in the shipment could have been shipped and delivered under the shipment contract, but, if shipped, was not delivered to the consignee at their destination, nor redelivered to the shipper at Dryden, on demand. In Galveston, H. & S. A. Ry. Co. v. Clemons, 19 Tex. Civ. App. 452, 47 S. W. 731, it was held that the two-year statute and not the four-year, in an action against the carrier for failure to deliver goods lost in transit, for which a bill of lading was taken, would apply. In Davies v. Texas Cent. R. Co., 62 Tex. Civ. App. 599, 133 S. W. 295, similar in its facts to the Ry. v. Clemons Case, the court held that the four and not the two year statute would apply.

In Elder, Dempster & Co. v. St. Louis S. W. Ry. Co., 105 Tex. 628, 154 S. W. 975, the court, not being able to distinguish the above two cases, certified the question. The Supreme Court, in passing upon the certified question, held that the bill of lading was a contract in writing under the statute providing that actions for debt, evidenced by or founded on any contract in writing, shall be brought within four years after the cause of action has accrued.

While the action here is not brought on the contract in writing, either to enforce it or for a breach of duty to perform it, the cause of action as brought is largely evidenced by and founded upon the written bill of lading.

Robinson v. Varnell, 16 Tex. 382, was an action upon a written contract for the hire of a slave and for damages for failure to redeliver him. It was insisted that the four years' statute did not apply because it was not an action for "debt." The Supreme Court said that it is true it is not an action for debt, technically so called; but technically we have no such action as an action for debt, and, without stating the reasoning of the court it was held that the four-year statute applied. The case has been referred to in many cases where the word "debt" is made to apply to damages for deceit, and given other applications where the suit is brought to recover money where the contract is in writing. Here, should it be held that the two-year statute applies to the suit for the silverware, it would in effect be holding that one period of limitation would be applied to one part of the cause of action and a different period to another arising upon the same contract.

We do not regard the suit as strictly one for detaining the property, or for its conversion, for which the two-year statute would apply.

Again, the suit was originally brought on the shipment contract, to recover for the

value of the goods, on the ground of a failure to transport and deliver said goods at their place of destination and recovery was denied as to the silverware, the shipment being interstate, as shipment for silverware was without a filed and published tariff rate, under federal regulation. The pleader here by amendment is pleading exactly the same transaction and for the same items of damages as in the former pleading, and under the same shipment contract. Under such circumstances, as said in Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455, the identity of the shipment contract is not lost, and the opposite party is put sufficiently upon notice of the basis of the suit. In Railway v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 283, where the original cause of action was based upon a wreck caused by a defective bridge, the amended pleading alleged that the wreck was not caused by any defect in the bridge itself. but in the approach to the bridge. The court held that a new cause was not set up, it being the same wreck, the time and place being the same, the same injury inflicted and resulting in the same damages, and that to all intents and purposes it was the same cause of action. To the same effect, we think, are Tarkinton v. Broussard, 51 Tex. 550; Boyd v. Beville, 91 Tex. 439, 44 S. W. 287; Cotter v. Parks, 80 Tex. 539, 16 S. W. 307; Railway Co. v. Clippenger, 47 Tex. Civ. App. 510, 106 S. W. 155; Gilliland v. Ellison (Tex. Civ. App.) 137 S. W. 168.

We have concluded that the amended petition is not essentially a different cause of action from that formerly alleged, and for that reason relates back to the commencement of the suit.

Finding no reversible error, the judgment is affirmed.