John Farrell v. Owen Duffy.

No. 389.

1. **Fraudulent Conveyance — Fact Case.—** D., in order to defraud a creditor, conveyed the lot in controversy to H., who had knowledge of his intent. Thereafter D. borrowed $100 of F., and procured H. to convey the lot to F., with the verbal understanding that F. was to pay the taxes on it and hold it as security for the loan and the taxes so paid, and to reconvey to D. when they were repaid. F. knew the purpose for which the deed was made to H., and when the deed to him was made, the claim, intended to be evaded was still unpaid. Thereafter D. tendered to F. the amount of the debt and taxes paid, and took possession. In a suit of trespass to try title for the lot, F. was held entitled to recover.

2. **Same.—**The agreement with F. to restore the property to D. was fraudulent. D. could not reap the benefit of his device to put the property out of the

reach of his creditors, and enjoy it himself. Courts pronounce such agreements against public policy and void, and enforce the conveyances which are absolute upon their face.

APPEAL from De Witt. Tried below before Hon. S. F. GRIMES.

*Proctors*, for appellant.—1. The court erred in rendering judgment for defendant under the facts in this case, and in therein declaring said deed a mortgage, and awarding defendant said premises in controversy. Defendant had parted with his title to said premises, and had placed same in one Hathaway, by a conveyance made with intent to avoid a possible judgment, and to hinder, delay, and defraud a creditor, Fowler, Berliner & Co., out of that to which said creditor may have become entitled, and violative of the provisions of article 2465, Revised Statutes of this State; and therefore the policy of the law will not permit said defendant to contest the title of a vendee of said fraudulent grantee, Hathaway, even though such vendee have notice; and further, will not permit defendant, after said fraudulent conveyance, to deal with or dispose of said property as his own, or to recover any rights therein. Rev. Stats., art. 2465; Hoeser v. Kraeka, 29 Texas, 450; Lott v. Kaiser, 61 Texas, 665; Lewis v. Simon, 72 Texas, 470; Whitworth v. Thomas, 3 Am. Rep., 728–730, and note.

2. Fowler, Berliner & Co., who were asserting claim for damages for a tort and were threatening suit, were creditors within the purview of article 2465, Revised Statutes. Cox v. Shropshire, 21 Texas, 113; Hoeser v. Kraeka, 29 Texas, 450; Holden v. McLaurin, 60 Texas, 228; Stanley v. Ogden, 2 Root, 261; Ins. Co. v. Meeker, 37 N. J. L., 300; 4 Am. and Eng. Encycl. of Law, 573, note 1; 8 Am. and Eng. Encycl. of Law, 750.

*Baker & Sumners*, for appellee.—1. Appellant having sued appellee in trespass to try title, before he could recover he must show title in himself as against the whole world, even in an action against a naked trespasser. Hooper v. Hall, 35 Texas, 82.

2. When appellant introduces evidence of his title, appellee may then disprove such title by showing the nullity of his deed (Stephen v. Hix, 38 Texas, 656; McNamara v. Munsch, 66 Texas, 68); or by showing superior outstanding title (Tapp v. Carey, 64 Texas, 594); or by showing that the instrument, which on its face appears to be an absolute deed, was intended as a mortgage. Hardin v. Campbell, 63 Texas, 296. A mortgagee can not sue in trespass to try title to recover possession of realty. Pratt v. Goodwin, 61 Texas, 331; Edrington v. Newland, 57 Texas, 627. Either of these defenses could be shown under plea of not guilty. Williams v. Barnett, 52 Texas, 130.

3. Duffy and Hathaway were not estopped from testifying that the instrument from Hathaway to Farrell, appellant, was a mortgage, because of their participation in a former fraud.

(1) The completed fraud had no part in the transaction between Hathaway and Farrell. Farrell does not claim that he was induced to believe he was getting title, or that Hathaway had title; on the other hand, he admits his prior knowledge of the fraud on Fowler, Berliner & Co., and that he, with this knowledge, gave appellee the money for which Hathaway executed the instrument. The principle of estoppel does not apply. Edwards v. Dickinson, 66 Texas, 613. The question of fraud is not in the case. De Garza v. Galvan, 55 Texas, 53.

(2) The law gave Hathaway title by virtue of the deed from Duffy, appellee, to him. Rev. Stats., arts. 2465, 2466; Hoeser v. Kraeka, 29 Texas, 450; Lafferty v. Murray, 27 Texas, 372; Deutsch v. Allen, 57 Texas, 89. This title was good against every person except the one intended to be defrauded. Hoeser v. Kraeka, 29 Texas, 450; De Garza v. Galvan, 55 Texas, 53. No person can impeach such title for fraud unless he be either the person intended to be defrauded or a subsequent vendee without notice. De Garza v. Galvan, 55 Texas, 53.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant sued appellee in trespass to try title to recover the lot in controversy. Appellee pleaded not guilty, and pleaded specially the facts stated in the conclusions of fact.

*Conclusions of Fact.*— 1. That appellee, Duffy, prior to October 4, 1883, was the owner of the premises in controversy, and on that day, in order to hinder and defraud parties who were about to sue him for damages for injuries done by him to the furniture in their house, he made a deed conveying it to J. T. Hathaway, who received the deed, knowing and participating in the fraudulent purpose with which it was made. There was no consideration for the deed, though it recites a paid consideration of $1500.

2. Hathaway never asserted any claim to the lot against appellee, but held it in accordance with the agreement, until about September 16, 1884, when appellee, having previously borrowed from appellant $100, and anticipating that he would want to borrow $150 more, procured Hathaway to make a deed for the lot to appellant, with the verbal understanding that it was to be held as security for such loans, and that Farrell was to pay the taxes on it, and would reconvey to appellee, Duffy, when such debt and taxes should be paid. Farrell, the appellant, knew of the purpose for which the deed had been made to Hathaway; and at the time the last deed was made the claim for damages was still being prosecuted against Duffy, and was subsequently reduced to judgment, and in 1891 was compromised by him.

3. We infer and find from the circumstances, though no witness states such to be the case, that the fraudulent intent with which Duffy made the deed to Hathaway still existed and actuated the parties in the transaction with appellant; and that the absolute deed was made to him for the purpose of still covering up the property from the parties asserting the claim against Duffy, and in order to enable Duffy to get the benefit of it, as well as to secure Farrell.

4. No further loan was made by Farrell to Duffy after the deed was executed, the latter not needing it.

5. On January 21, 1892, Duffy tendered to appellant, Farrell, the amount of principal and interest due on the loan and taxes paid by Farrell, and on March 1, 1892, Duffy took actual possession of the lot.

*Conclusions of Law.*— 1. That the parties asserting the claim against Duffy were creditors in the sense of the statute of frauds, and that the two deeds were therefore made in fraud of creditors.

2. That by the deed to Hathaway the title passed out of Duffy; and by the deed from Hathaway to Farrell such title passed to the latter.

3. That the defendant, Duffy, can not set up his fraud to avoid either deed. While Hathaway could recognize his moral obligation to Duffy, and could restore the title to him, and while a bona fide conveyance of it to Farrell in trust for Duffy, accompanied by an agreement on Farrell's part to convey to Duffy, might invest Duffy with the right to possession and to a conveyance from Farrell, this effect can not be attached to the transaction in question. That agreement is tainted with the same fraud that characterized the conveyance to Hathaway. To permit Duffy to show his own fraud, and avail himself of such an agreement, would put it in his power to reap the benefit of his device to defraud his creditors, and open up an easy way to debtors to put their property beyond the reach of creditors, and at the same time enjoy it themselves. The right of redemption intended to be reserved to Duffy was subject to the claims of his creditors, and that he conveyed, at the same time attempting to secure to himself the beneficial enjoyment of the property. It is the policy of the law and the duty of courts to discourage such transactions, instead of encouraging by enforcing them. The deeds are sufficient in themselves to entitle Farrell to recover, and they can not, in our opinion, be defeated by proof of the fraudulent scheme by which Duffy attempted to retain the equitable title in himself.

There are authorities in other States under which, as between the parties, Farrell's agreement to reconvey would be enforced. See note by Mr. Freeman to Whitworth v. Thomas, 30 American State Reports, 728, et seq.

But we do not understand our courts to have laid down such a doctrine. They have treated such agreements, where they require the aid

of courts to enforce them, as against public policy and void, and have enforced conveyances of parties absolute on their face. The equitable title and right of possession in Duffy which would ordinarily result from such a transaction, where there is no fraud, can not arise out of this, because the agreement of Farrell is vitiated by fraud; while in order to visit upon the party perpetrating the fraud on his creditors the consequences of his own act, the law looks to the character of the deed he has executed and enforces the title which on its face it purports to convey. Hoeser v. Kraeka, 29 Texas, 450; Eastham v. Roundtree, 56 Texas, 110.

The judgment for defendant was therefore erroneous, and will be reversed, and judgment here rendered for appellant for the property.

*Reversed and rendered.*

Delivered December 21, 1893.