ROBERT DAVIES v. TEXAS CENTRAL RAILROAD COMPANY ET AL.

Decided November 9, 1910.

**1.—Receiver—Parties.**

The receiver of a railway is neither a necessary nor a proper party to an action against the company for damages accruing before his appointment and not involving the property in his possession.

**2.—Limitation—Carrier—Trespass—Conversion.**

If a railway company was guilty of acts which constituted trespass to or conversion of property committed to it as a carrier, limitation would not run against the shipper's action therefor while he was ignorant of such wrongful acts and excused from diligence to ascertain them by the company's conceal- ment of the facts and promises to search for and deliver the property to him.

**3.—Limitation—Trespass or Conversion of Property.**

The statute of limitation of two years was applicable to an action against a railway for failure to deliver property shipped under a written contract only where such action was for trespass to or conversion of such property. Rev. Stats., art. 3354.

**4.—Same—Trespass Defined.**

Trespass must consist in some act done which amounts to a transgression of the rights of another as to his person or property. It does not arise from mere omission to do a duty owing to another.

**5.—Same—Conversion Defined.**

Mere delay by a carrier to deliver the property according to contract will not constitute a conversion until there is a demand and refusal of its delivery.

**6.—Cases Distinguished.**

Galveston, H. & S. A. Ry. Co. v. Clemmons, 19 Texas Civ. App., 452; Gal- veston, H. & S. A. Ry. Co. v. Roemer, 1 Texas Civ. App., 191; and Fort Worth & D. C. Ry. Co. v. McAnulty, 7 Texas Civ. App., 321, distinguished.

**7.—Limitation—Carrier—Failure to Deliver Goods.**

An action against a railway for mere failure to deliver goods transported by it in accordance with a written contract of carriage with plaintiff, without allegation of trespass to or conversion of the goods, is an "action for debt, where the indebtedness is evidenced by or founded upon any contract in writ- ing," and is governed by section 1, article 3356, Revised Statutes, and not barred by limitation if brought within four years.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Jno. W. Davis,* for appellant.—When the carrier entered into the writ- ten contract of carriage of appellant's cotton, by reason thereof it owed appellant a contractual duty to deliver, as well as general duty, such as it owed to the public generally, and if said cotton was not delivered, but

lost by the carrier, there was a breach of the contract for which appellant has a right of action, and when said action is so framed as to base it on the breach of contract, and not *ex delicto*, then four years and not two years Statute of Limitations would apply. Millington v. T. & P. Ry. Co., 2 App. C. C. (Willson), sec. 171; G., H. & S. A. Ry. Co. v. Watson, 1 App. C. C. (White & W.), sec. 815; A. G. S. R. Co. v. Eichofer, 100 Ala., 224; Patterson v. Augusta, etc., Ry. Co., 94 Ga., 140; Ill. Cen. Ry. Co. v. Johnson, 34 Ill., 389; Cobb v. Ill. Cen. Ry. Co., 38 Iowa, 601; Blakeley v. Le Duc, 22 Minn., 476; Louisville & N. Ry. Co. v. Neil, 79 Tenn., 270; 25th Cyc., 1033; Nashville C. & St. L. Ry. Co. v. Parker, 27 So., 323; Southern Ry. Co. v. Rosenberg, 30 So., 32; K. C. M. & B. R. Co. v. Spann, 40 So., 83; Summerfield v. St. L. T. Co., 84 S. W., 172.

Appellant's action is one founded upon a contract in writing and damages for the breach thereof, and whilst the suit is not technically an action of debt or an action to recover a debt, it is an action to recover a sum of money, technically damages, founded on the breach of a contract in writing for the delivery of specific property, and is therefore controlled by the first clause of art. 3356, namely, "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing," and is not barred until four years after the cause of action arises. Robinson v. Varnell, 16 Texas, 389; Trube v. Montgomery, 27 S. W., 19; Texas W. Ry. Co. v. Gentry, 69 Texas, 625; 25th Cyc., 1038.

. When appellee Texas Central Railroad Company executed and delivered to appellant its bill of lading and required appellant to sign acceptance to same, said bill of lading was both a receipt for the goods as well as a contract in writing to transport them. E. L. & R. R. Co. v. Hall, 64 Texas, 620; Moore on Carriers, page 143; Schloss v. A., T. &. S. F. Ry. Co., 85 Texas, 602.

The petition of appellant does not make the case an action "of trespass or injury done to the estate or the property of another." Therefore, section 1 of the two years' statute of limitations, art. 3354, does not apply to the case; but the petition makes the wrong consist in the negligent omission by appellees to do an act which they had contracted to do and which is not a trespass under said article. Ricker, Lee & Co. v. Shoemaker, 81 Texas, 22; Connor v. Saunders, 81 Texas, 637; Austin v. Cameron, 83 Texas, 353.

Under the allegations of plaintiff's petition it can not be held that the suit is for the conversion of appellant's property, and therefore the suit is not controlled by the statute of two years' limitations, sec. 2, art. 3354, of the Revised Statutes. Direct Nav. Co. v. Davidson, 32 Texas Civ. App., 492; Moore on Carriers, pp. 2, 211-217; Johnson v. Parker, 1st White & W. C. C., sec. 283; St. Louis S. W. Ry. Co. v. Tyler, 81 S. W., 826; Luter v. Hutchinson, 30 Texas Civ. App., 511; Texas W. Co. v. Kyser, 63 S. W., 913; Mutual L. Ins. Co. v. Garland, 23 Texas Civ. App., 380.

The receiver holding all of its property, is not only a proper but a

necessary party to the suit against the railroad for which he stands as the representative. Revised Statutes, art. 1483; McNulta v. Lockridge, 141 U. S., 329-331; Howe v. Harding, 76 Texas, 17; Frankel v. Jackson, 30 Fed., 398; S. A. & A. P. R. R. Co. v. Ruby, 80 Texas, 172; Dallas C. T. Ry. Co. v. Hurley, 10 Texas Civ. App., 246; I. & G. N. R. R. Co. v. Ormond, 57 Texas Civ. App., 79.

*King & Morris* and *Baker & Baker,* for appellee Freeman, receiver.— Thomas J. Freeman, receiver, was neither a necessary or proper party to this cause for the reason that appellant's cause of action acrued before the International & Great Northern Railroad Company went into the hands of Thomas J. Freeman, receiver. City Water Co. v. State, 88 Texas, 603; Railway Co. v. Leflin, 83 Fed., 93; Baker v. Gardner, 124 N. Y., 334; Finance Co. v. Railway Co., 46 Fed., 508.

*J. A. Kibler,* for appellee Texas Cent. R. Co.—The cause of action asserted by appellant being for the value of certain cotton lost in shipment, should have been begun and prosecuted within two years after the same accrued, under sec. 1 of art. 3203, Rev. Stats., and it appearing from the face of plaintiff's second amended original petition upon which he went to trial that this had not been done, the trial court properly held that the cause of action was barred by limitation of two years. Art. 3203, sec. 1, Rev. Stats.; Ft. W. & D. C. Ry. Co. v. McAnulty, 7 Texas Civ. App., 321; G., H. & S. A. Ry. Co. v. Clemons, 19 Texas Civ. App., 452; G., H. & S. A. Ry. Co. v. Roemer, 1 Texas Civ. App., 191.

JENKINS, ASSOCIATE JUSTICE.—Appellant filed this suit on September 3, 1908, as surviving partner of Thomas Taylor & Co., against the T. C. R. R. Co., the I. & G. N. R. R. Co., and T. J. Freeman, as receiver of said last mentioned company, alleging that on November 23, 1905, said Taylor & Company entered into a written contract with the T. C. R. R. Co. for the transportation of 235 bales of cotton from Hico, Texas, to Galveston, Texas, and the failure to deliver 12 bales of said cotton. By proper allegations it is shown that the I. & G. N. R. R. Co. is the connecting carrier, and that T. J. Freeman is the receiver of said last mentioned road.

Freeman excepted to said petition as not showing that he was either a necessary or proper party, which exception was sustained by the court.

All of the defendants excepted to the petition as showing that plaintiff's cause of action was barred by the two years statute of limitations. These exceptions were also sustained.

As touching the liability of the receiver, it is alleged that said receiver was appointed in February, 1908, and it is not alleged that said cotton, or any party thereof, ever came into his possession or into the possession of said I. & G. N. Ry. Co. after that date.

As regards the statutes of limitation, appellant does not charge either of the appellees with doing any injury to his property or with detaining

or converting his property, unless the charge of failure to transport and deliver said cotton in accordance with the terms of the written contract, constitutes such charge; he does not charge either of them with failure to discharge any duty which they owed as common carriers; he does not allege any demand for his cotton or for pay therefor; he does not allege anything which would indicate a refusal by appellees or either of them, to find said cotton and deliver the same prior to February 2, 1908, at which time he alleges that the T. C. R. R. Co. said they would not further consider the matter of finding and delivering said cotton, or of paying for the same if it had lost it, unless the allegations amount to a charge of conversion on January 1, 1907; he does not allege that said cotton is now or has ever been lost. He simply alleges the written contract and the breach thereof by the failure to deliver said 12 bales of cotton, to his damage $874.50, which he alleges to be the value of the same, and sues for the recovery of said cotton or its value. In regard to said written contract, he alleges that the same is what is commonly called a bill of lading; that same was in writing, and was signed by the T. C. R. R. Co. and by Thomas Taylor & Co. having endorsed thereon the following: "Terms and conditions of this bill of lading are understood and accepted" (signed) Thos. Taylor & Co. It is alleged that had said cotton been transported in reasonable time, it should have reached Galveston during the months of January or February, 1906.

Appellant further alleges that it has been the universal custom between the shippers of cotton in Texas and carriers of the same, when there has been a failure to promptly deliver cotton, that such failure should be made known to the carrier, or carriers, and that they be given a reasonable time to find such cotton, if they can do so, and if not, where the same has been carried over two or more lines, to ascertain which of said lines is responsible for the loss of such cotton, and for the carrier in fault to pay for the same; that this custom was known to appellees and acted upon by them in this: That appellant entered into correspondence with appellees in reference to said cotton, and that they promised him repeatedly in writing up to January 1, 1907, that they would take up said matter and see if said cotton could be found, and if not found, to pay appellant his reasonable damages for the breach of the contract of shipment.

1. We hold that the court did not err in holding that T. J. Freeman was not shown by the allegations of appellant's petition to be either a necessary or proper party to this suit.

2. We hold that if the failure to deliver said cotton within a reasonable time gave the appellant a cause of "action for trespass for injury done to his estate or property," or an "action for detaining his personal property and converting the same to their own use" (Rev. Stats., art. 3354, secs. 1 and 2), still the statute of limitations did not run under the allegations of appellant's petition prior to January 1, 1907, if indeed it ran prior to February 3, 1908. Appellees may in fact have converted appellant's cotton on January 1, 1906, or prior thereto, but if they in-

tentionally concealed such fact from appellant, and led him to believe otherwise, they will be estopped from asserting such conversion until such fact became known to appellant; and he will be excused from the exercise of diligence to ascertain such fact as long as they lulled him into fancied security by their promise to search for said cotton and deliver the same to him. It is an ancient maxim of the law that no one will be allowed to take advantage of his own wrong.

3. If the holding of the trial court that appellant's cause of action as set forth in his petition was barred by the two years statute of limitation can be sustained, it must be upon the theory that his cause of action was either "an action of trespass for injury done to the estate or property of another," or "for detaining the personal property of another and converting such personal property to one's own use." No other provision of the two years statute can possibly apply to the facts as alleged herein. (Rev. Stats., art. 3354.)

4. Is the failure of appellees to transport and deliver appellant's cotton, as alleged by him, a "trespass" upon his property? We concede that "trespass," as used in this statute, is not to be given that restricted or technical meaning which implies the use of force or violence, but is to be given that broader meaning which includes all tortious acts; "every act done which amounts to a transgression of the rights of another as to his person or property." Bear Bros. & Hirsh v. Marx & Kempner, 63 Texas, 302. Still, in order to constitute a trespass, there must be some *act* done, and not the mere failure to perform an act which one in duty owes to another. Trespass does not arise "from the mere omission to do a duty." Ricker, Lee & Co. v. Shoemaker, 83 Texas, 26; Austin v. Cameron & Co., 83 Texas, 353. "It must be an act committed, as contradistinguished from an act omitted." Connor v. Saunders, 81 Texas, 637, 17 S. W., 237. "Trespass to personal property is an active aggression on a right of property." Weller v. Hanover, 95 Fed., 243. Where through the negligence of the employes of a railroad company a mule was run over and killed, this was trespass; where through such negligence goods were left exposed to the weather, and suffered damage, this was not trespass. In the one instance, through negligence an act was committed; in the other instance, through negligence, an act was omitted which should have been performed. Castille v. Caffery C. R. & R. Co., 19 So., 333, 48 La. Ann., 322.

5. Do the acts of appellees, as alleged in appellant's petition, constitute a "conversion" prior to January 1, 1907? We think not. No direct charge of conversion is made, nor in our opinion is there any allegation that is tantamount to a charge of conversion. A very long delay in the delivery of the cotton is shown; but no delay in delivering, so long as the carrier safely keeps the property, will amount to a conversion; but under such circumstances, there must be a demand and a refusal to deliver, in order to constitute a conversion. Moore on Carriers, 214; St. Louis S. W. Ry. Co. v. Tyler Coffin Co., 81 S. W., 827. The possession must be adverse. Texarkana Water Co. v. Kiser, 63 S. W.,

913. "A carrier of goods is a bailee," Moore on Carriers, 2. "To constitute a conversion of property by a bailee, there must be such an intention of deviation from the contract as would be tantamount to an assertion of right or dominion over the property, inconsistent with the bailor's right of ownership." Direct Navigation Co. v. Davidson, 32 Texas Civ. App., 492; Moore on Carriers, 211-213. A conversion implies a wrongful act; a mere non-delivery will not constitute a conversion. Moore on Carriers, 216-217.

6. The action of the court in sustaining appellees' exception, and thereby holding that appellant's cause of action was subject to the two years statute of limitation, was doubtless based on the case of Galveston, H. & S. A. Ry. Co. v. Clemmons, 19 Texas Civ. App., 452, 47 S. W., 731. The conclusion reached in that case that plaintiff's cause of action was barred by the statute of two years may have been correct under the pleadings therein; it certainly was as to the major portion of the alleged cause of action, towit, $1000, for mental suffering. Mental suffering must be classed as an injury to the person, and consequently falls under the ban of the two years statute of limitation. Martin v. Western U. Tel. Co., 6 Texas Civ. App., 619, 26 S. W., 137. It may be that under the allegations in the Coleman case, the contract of shipment was set out, not as the basis of plaintiff's cause of action, but only as matter of inducement.

In the case of Galveston, H. & S. A. Ry. Co. v. Roemer, 1 Texas Civ. App., 191, 20 S. W., 843, cited in the Coleman case, the plaintiff alleged the purchase of a ticket by him, which is evidence of a contract for carriage of a passenger. But Chief Justice Fisher, referring to this allegation, says that the contract mentioned in the pleadings is mere matter of inducement to show the tortious act of the railway company, and hence the action was one founded on tort, and not on contract. In Ft. Worth & D. C. Ry. Co. v. McAnulty, 7 Texas Civ. App., 321, 26 S. W., 417, no mention is made of a bill of sale, but acts of violence against plaintiff's property are alleged, and it is alleged that such acts were committed wilfully and recklessly, and with an evil intent. The decision in that case, as well as that in the Roemer case, supra, can have no application to the facts as alleged in this case.

7. But if the learned court that decided the Clemons case, supra, meant to assert that a suit against a carrier for failure to deliver goods is, in all cases, necessarily barred by the two years statute of limitations, we beg to dissent from such view of the law. A bill of lading may or may not impose some duty which does not arise under the common law. But whether it does or does not in any particular case, when the parties thereto reduce the implied contract to writing, it becomes a written contract and supersedes the implied contract which otherwise would have existed from the acts of the parties, and a breach thereof is a breach of a written and not of a parol or implied contract. "A bill of lading is a contract entered into by the parties and is equally binding on both." Schloss v. Atchison, T. & S. F. Ry. Co., 85 Texas, 602. Being a written

contract, the four years statute will govern. In Cyc., which we find usually correct, the statement is made without qualification: "Viewed with reference to the statute of limitations, an action against a carrier for injury resulting from a breach of contract for safe carriage, is one of contract and not of tort, and is therefore governed by the statute fixing the period within which actions for breach of contract may be brought." 25 Cyc., p. 1033, sec. 3. This statement of law is supported by reason and by authority. Millington v. Texas & P. Ry. Co., 2 App. C. C. (Willson), sec. 176; Galveston, H. & S. A. Ry. Co. v. Watson, 1 W. & W., sec. 815; Robinson v. Varnell, 16 Texas, 389; Trube v. Montgomery, 7 Texas Civ. App., 557, 27 S. W., 20; O'Connor v. Koch, 9 Texas Civ. App., 586, 29 S. W., 401.

7. We hold that appellant's cause of action, as set forth in his petition, is governed by sec. 1, art. 3356, Rev. Stats., which declares that "actions for debt, where the indebtedness is evidenced by or founded upon any contract in writing," may be brought in four years. Robinson v. Varnell, supra, was a suit for the hire of a slave and for the value of said slave, based upon a written contract which provided that said slave should be returned at the expiration of the term of hiring. The court speaking through Judge Wheeler, said: "It is admitted that the action is founded on a contract in writing, but it is insisted that the limitation of four years does not apply, because it is not an action for debt." After a full discussion, the whole matter is summed up in the following language: "The more reasonable construction, and that which best harmonizes with the general provisions and policy of the statute is, we think, to consider the terms 'action of debt grounded on any contract in writing' as including all suits brought to recover money for the breach of a contract in writing, without regard to the technical distinction between debt and damages."

For the error committed in sustaining the plea of two years statute of limitations, this cause is reversed and remanded.

*Reversed and remanded.*