## TEXAS CENT. R. CO. et al. v. DAVIES.

(Court of Civil Appeals of Texas. Austin. May 1, 1912. On Motion for Rehearing, Oct. 23, 1912.)

CARRIERS (§ 185*)—ACTIONS FOR NONDELIVERY—BURDEN OF PROOF.

In an action for nondelivery of 12 bales of cotton, part of a larger shipment, where the only evidence of delivery of such 12 bales to a connecting carrier was the testimony of a witness that in checking cotton transferred to the connecting carrier he saw 10 bales marked as was the shipment in question, but it also appeared that part of another shipment was similarly marked, the burden was on plaintiff and the initial carrier to show that such 10 bales were a part of the shipment in question, and hence, no such evidence having been produced,

---

the court properly directed a verdict for the connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–850; Dec. Dig. § 185.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by Robert Davies, as surviving partner, against the Texas Central Railroad Company and others. From a judgment against it, the defendant named appeals. Affirmed on rehearing.

W. E. Spell, of Waco, and Luther Nickels, of Hillsboro, for appellant. John W. Davis, of Waco, for appellee.

KEY, C. J. A statement of the nature of this suit will be found in the opinion of this court rendered upon the former appeal. Davies v. T. C. R. R. Co., 133 S. W. 295. When the case went back to the court below, it was tried again, and resulted in a judgment in favor of the plaintiff Davies against the Texas Central Railroad Company, and in favor of the International & Great Northern Railroad Company, and the former company has appealed.

It was held on the former appeal that the plaintiff's petition was sufficient to entitle him to recover upon proof of the material averments therein, and did not disclose a case barred by limitation, and, adhering to that decision, we overrule the assignments which complain of the action of the trial court in not sustaining exceptions to the petition.

In its answer appellant, not only denied its liability to the plaintiff, but it asserted a cross-action against its codefendant, the International & Great Northern Railroad Company, upon averments that the contract of shipment contained a stipulation limiting its liability to loss or injury while the property was in its custody, and that it delivered it to the other defendant, and, if it was not delivered to the plaintiff, the International & Great Northern Railroad Company was at fault for such nondelivery, and therefore, if the plaintiff recovered against the Texas Central Railroad Company, that defendant was entitled to recover over against its codefendant. At the trial from which this appeal is prosecuted, the court instructed the jury that the testimony failed to show that the 12 bales of cotton in controversy were ever delivered by the Texas Central Railroad Company to the International & Great Northern Railroad Company, and therefore the jury should return a verdict in favor of the latter company, which instruction the jury obeyed, and that charge is made the subject of appellant's second assignment of error. We sustain that assignment and reverse the judgment. The plaintiff's contention is that his agent delivered to the Texas Central Railroad Company at Hico 235 bales of cotton, marked "H. E. M.," to be transported, via Waco, to Galveston, and that the International & Great Northern Railroad Company, the connecting carrier, delivered to the plaintiff's agent at Galveston only 223 bales of the cotton referred to. There was testimony tending to show that the International & Great Northern Railroad Company received from appellant 10 bales of cotton, stated in the waybill as marked "T. I. S.," which, in fact, were marked "H. E. M.," and if the 10 bales referred to were in fact marked "H. E. M.," and were delivered by appellant to its codefendant, it would seem that appellant is not liable for more than 2 of the 12 that were not delivered at Galveston.

For the error pointed out, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

At a former day of this term this court reversed and remanded this cause upon the proposition that there was sufficient testimony tending to show that appellant, the Texas Central Railroad Company, had delivered 10 bales of the entire shipment of cotton to its codefendant the International & Great Northern Railroad Company, and, if such delivery was made, the former company would be entitled to recover to that extent against the latter company. Upon further consideration of the question, on motion for rehearing, we have reached the conclusion that we fell into error in that respect, and that the trial court was correct in instructing the jury to find for the International & Great Northern Railroad Company. The undisputed testimony shows that the Texas Central Railroad Company received from appellee's agent at Hico, Tex., 235 bales of cotton, marked "H. E. M.," which it agreed and obligated itself to deliver to such agent or his assigns at Galveston, Tex. The bill of lading or written contract was assigned to the agent of appellee at Galveston, Tex., but only 223 bales of the cotton was delivered to such agent. The proof shows that the delivery of the 223 bales referred to was made by the International & Great Northern Railroad Company, and we held in our former opinion that there was proof tending to show that the latter company had received 10 more bales of the 235 bales received by appellant at Hico. In that holding we were mistaken. There was testimony tending to show that of a certain shipment of cotton under a different bill of lading, which cotton purported to be marked "T. I. S.," there were 10 bales marked "H. E. M." That shipment was from Hico, and made by the same company that acted as appellee's agent in the shipment here involved; but the proof further shows that, in addition to the 235 bales of cotton marked "H. E. M." and delivered to the Texas Central Railroad Company under the contract here sued on, there was another shipment a few days later of 20 bales marked "H. E. M." that did not

---

belong to appellee. One witness testified that in checking out cotton transferred at Waco from the Texas Central Railroad to the International & Great Northern Railroad, he discovered that 10 bales of a larger shipment described in the bill of lading as marked "T. I. S." were marked "H. E. M.," but the 10 bales referred to may have been part of the second shipment from Hico of 20 bales marked "H. E. M.," or they may have been part of the 235 bales involved in this suit, but the burden did not rest upon the International & Great Northern Railroad Company, and did rest upon the other litigants, to show the latter fact, and, such fact not being shown, the trial court properly held that the testimony failed to show any liability against the International & Great Northern Railroad Company. The clear and undisputed proof showed that appellant, the Texas Central Railroad Company, was liable to the plaintiff for 12 bales of cotton, the amount for which judgment was rendered.

For these reasons, the motion for rehearing is granted, and judgment affirmed.

Affirmed.