FT. WORTH & D. C. RY. CO. v. BONE.
(No. 1161.)

(Court of Civil Appeals of Texas. Amarillo.
April 25, 1917. Rehearing Denied
May 23, 1917.)

1. LIMITATION OF ACTIONS &=>24(2)—STATUTE
APPLICABLE—CONTRACT OF CARRIAGE.

Where the initial carrier's agent, pursuant to consignee's letter, reshipped goods on the same bill of lading to consignee over defendant railway, writing consignee to that effect, there was a sufficient compliance with Rev. St. 1911, art. 710, requiring carrier to give a bill of lading or memorandum in writing, making the four-year statute of limitations, applying to written contracts, applicable to consignee's action for damages, evidence showing that shipment was made at an agreed through rate for the whole route, in which case articles 731 and 732 make one carrier the agent of the other.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 113.]

2. CARRIERS &=>185(3)—DAMAGE TO GOODS—
EVIDENCE.

Terminal carrier's "O. K." on goods received from connecting carrier, made in accordance with its usual custom, held sufficient to show that damage arising before delivery to the consignee occurred while the goods were in terminal carrier's possession, and consignee's statement that she believed damage occurred before defendant received goods was insufficient to rebut the presumption.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 848–850.]

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by J. W. Bone against the Ft. Worth & Denver City Railway Company. Judgment in justice court for plaintiff, and defendant appealed to county court, where plaintiff had judgment, and defendant appealed to Court of Civil Appeals for Second Supreme Judicial District, from which cause was transferred. Affirmed.

Thompson, Barwise & Wharton, of Ft. Worth, and F. S. Jones, of Wichita Falls, for appellant. Fitzgerald & Cox, of Wichita Falls, for appellee.

HUFF, C. J. This suit originated in the justice court in Wichita county, and was appealed to the county court by appellant from the judgment rendered against it in the justice court, and from the judgment in the county court against it appeal was taken to the Court of Civil Appeals for the Second Supreme Judicial District, and was transferred from that court to this court.

In the Second district a motion was made to dismiss the appeal, because the amount sued for was less than $100. That court overruled the motion, and appellee in this court again urges his motion. We regard the motion as having been properly disposed of by the Second district, and if we were authorized to go into the question would be disposed to make the same disposition as made in that court.

The suit is upon an alleged written contract of shipment from Nashville, Tenn., to Dallas, Tex., alleging also that the goods were rebilled at Dallas, Tex., to Wichita Falls, and were damaged by the appellant railway company in transit. The appellant requested the trial court to instruct a verdict for it, and upon a refusal of the instruction assigns error.

[1] The first proposition presented is that the cause of action was barred by the two-year statute of limitation. The suit was filed February 26, 1916, and the bill of lading was issued January 18, 1913, by the Nashville, Chattanooga & St. Louis Railway Company, to be shipped to Dallas. Before the goods arrived at Dallas, the appellee, Bone, located at Wichita Falls, and then sent the bill of lading to the agent of the St. Louis & Southwestern Railway Company at Dallas, and wrote a letter to the agent, and asked him to have the goods forwarded to him at Wichita Falls on the original bill of lading. That agent replied by writing that he would, and he did forward them on the original bill of lading as agreed to in his letter. The appellee did not demand any new bill of lading, because he made arrangements with the agent to ship the goods on the original bill. The agent of appellant at Wichita Falls testified that the waybill of that company shows the origin of the shipment and its date, that the two crates of goods were received by appellant and marked "O. K.," and that the total freight was paid at Wichita Falls by Bone for the entire shipment from Nashville.

The court submitted the issue whether appellant accepted the goods under the original bill of lading issued at Nashville, and the jury answered this in the affirmative, and they also found that the goods were shipped under the original contract from Dallas to Wichita Falls. If the damages claimed are found upon a written contract, the statute of four years will control. The evidence warranted the finding, and in this particular it is not contradicted that Bone sent the bill of lading to Dallas, with the written request that the goods be sent to him on the original bill of lading at Wichita Falls, and that the agent at that place in writing agreed to do so. We believe this was a sufficient memorandum in writing of a contract to make the shipment from Dallas to Wichita Falls. Article 710, Revised Civil Statutes, requires a carrier to give a bill of lading or memorandum in writing. This article, we think, was complied with when the agent received the bill of lading and forwarded the goods upon his written statement that he would transport the goods upon the original bill to Wichita Falls. The bill and the letters became one contract as to that shipment. It stated the quality, character, order, and condition of the goods; nothing more was needed. Elder v. Railway Co., 105 Tex. 628, 154 S. W. 975;

Davis v. Railway Co., 62 Tex. Civ. App. 599, 133 S. W. 295.

We are inclined, also, to think that the shipment was made at an agreed through rate for the whole route, from Dallas to Wichita Falls, and was acquiesced in and acted upon by appellant and the Cotton Belt Railway. When this is true, articles 731 and 732, R. C. S., make one road the agent of the other. Elder v. Railway Co., 105 Tex. on pages 646–648, 154 S. W. 975; Railway Co. v. Hughston, 186 S. W. 429; Railway Co. v. Wood, 105 Tex. 178, 146 S. W. 538. There was no new bill or contract executed by appellant, and the waybill and expense bill of that road evidence the fact that the goods were received and shipped upon the original bill of lading over its line of road, with any limitations. In the absence of evidence to the contrary, we think the evidence is sufficient to show that appellant accepted and transported the goods under the contract made in Dallas, and not under the duty imposed on it by law as a common carrier.

[2] The next proposition under the assignment is that the evidence does not show the goods were damaged on appellant's road. The agent of the appellant testified that the waybill issued by it shows the goods were received in good condition, and that when goods are received by that road, he testified, if there was any indication of damages or bad condition, it is noted upon the bill of lading. The expense bill and waybill has marked on them, "When received, O. K." When the two chests of goods were received by appellee they were damaged as found by the jury. They had been wrapped in heavy building paper and crated. The paper showed that it was wet, and from the outside of the crating showed to be damaged. If they had been in that condition when received by appellant, it, under its custom and practice, would have noted the fact. This evidence, in the absence of any testimony to the contrary, will support the verdict. It appears, however, that Mrs. Bone, in writing the appellant, expressed the opinion that the goods were damaged before reaching appellant. This letter clearly shows she knew nothing of the facts, and it was only surmise or conjecture on her part. This was not enough to negative the indorsement that appellant received the goods in good condition.

The judgment will be affirmed.