### GULF, C. & S. F. RY. CO. v. GORDON.
### (No. 7784.)

(Court of Civil Appeals of Texas. Galveston. Nov. 20, 1919. Rehearing Denied Dec. 11, 1919.)

1. COURTS ⬤⟳169(6)—AMOUNT CLAIMED IN EXCESS OF JURISDICTION OF COURT.

A cause of action for $32.35 as actual damages and $1,000 as exemplary damages was not within the jurisdiction of the county court.

2. LIMITATION OF ACTIONS ⬤⟳120—RUNNING NOT INTERRUPTED BY FILING OF PETITION CLAIMING AMOUNT IN EXCESS OF COURT'S JURISDICTION.

The filing of a petition claiming an amount in excess of the court's jurisdiction was not the commencement and prosecution of a suit, and did not interrupt the running of limitations.

3. LIMITATION OF ACTIONS ⬤⟳120—RUNNING INTERRUPTED BY FILING OF AMENDED PETITION, THOUGH ORIGINAL PETITION STATED CAUSE OF ACTION IN EXCESS OF JURISDICTION.

The filing of a paper designated an amended petition stating a cause of action within the jurisdiction of the court was the commencement of a suit and interrupted the running of limitations, though the original petition stated a cause of action in excess of the court's jurisdiction.

4. LIMITATION OF ACTIONS ⬤⟳24(2)—ACTION FOR ACTUAL DAMAGES FOR CARRIER'S BREACH OF CONTRACT IS BARRED IN FOUR YEARS.

A cause of action for actual damages for a carrier's refusal to transport a passenger pursuant to her ticket was within Vernon's Sayles' Ann. Civ. St. 1914, art. 5688, requiring actions

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for debt when the indebtedness is evidenced by or founded upon a contract in writing to be brought within four years.

**5. LIMITATION OF ACTIONS ⟨KEY⟩30—ACTION FOR EXEMPLARY DAMAGES FOR CARRIER'S REFUSAL TO TRANSPORT IS BARRED IN TWO YEARS.**

A cause of action for exemplary damages for the refusal of a carrier to transport a' passenger pursuant to her ticket because she was a negro was barred in two years as a tort.

**6. TRIAL ⟨KEY⟩191(9)—INSTRUCTION ASSUMING THAT BUS DRIVER WHO REFUSED TO TRANS- ·PORT PASSENGER WAS RAILROAD'S AGENT ER- RONEOUS.**

In an action against a railroad company for refusing to transport plaintiff between its depot and that of another company as required by. her ticket, where the driver denied that he was the railroad's agent or that he told plaintiff he was the railroad transfer man, instruction *held* erroneous as assuming that he was defendant's agent.

**7. CARRIERS ⟨KEY⟩275—PETITION . INSUFFICIENT TO AUTHORIZE RECOVERY FOR DOCTOR'S BILLS FOR BREACH OF CONTRACT.**

In an action against a carrier for refusing to transport a passenger, a petition alleging that she suffered actual damages in a specified sum, including among other items one for medi- cine and doctors, but not alleging that she paid the sum claimed, or assumed to pay it, or that it was a reasonable charge, did not support a recovery for such item.

**8. CARRIERS ⟨KEY⟩276(3)—EVIDENCE INSUFFI- CIENT TO AUTHORIZE RECOVERY FOR DOCTOR'S BILLS FOR BREACH OF CONTRACT. ·**

In an action against a carrier for refusing to transport a passenger, the evidence did not warrant a recovery for doctor's bills where the doctor to whom plaintiff said she owed the bill denied attending her on account of any sickness contracted at the time in question, or any knowledge of such sickness, or any charge for such service.

Appeal from Galveston County Court; George E. Mann, Judge.

Action by C. N. Gordon against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant ap- peals. Reversed and remanded. '

Terry, Cavin & Mills and Frank J. Wren, all of Galveston, for appellant.

Fuller & Brady, of Galveston, for appellee.

LANE, J. On the 24th day of February, 1916, appellee, C. N. Gordon, purchased from the appellant, Gulf, Colorado & Santa Fé Railway Company, at Eagle Lake, Tex., a ticket which by its terms entitled appellee to transportation over its line from Eagle Lake to Wharton, Tex., and from thence over the line of the Galveston, Harrisburg & San An- tonio Railway Company to Victoria, Tex., and to return to Eagle Lake over the same lines. Attached to the ticket were two cou-

pons, one of which entitled appellee to a transfer from the depot of appellant at Wharton to the depot of the Galveston, Harrisburg & San Antonio Railway Company · at the same place, and the other entitled her to a transfer from the depot of the G., H. & S. A. Ry. Co. at Wharton to the depot of appellant on her return trip.

On the 18th day of January, 1918, almost two years after acts of appellant complained of occurred, appellee filed her original peti- tion in the county court of Galveston county, wherein she alleged and prayed for actual damages in the sum of $32.35, and for exem- plary damages in the sum of $1,000, a total sum of $1,032.35.

On the 10th day of April, 1918, more than two years after the alleged cause of action arose, the court, being advised that the suit was for a recovery of a sum beyond the ju- risdiction of the county court, informed plaintiff that the court had no jurisdiction over the subject-matter of the suit as filed. Thereupon plaintiff, by leave of the court, filed her first amended petition on the 12th day of April complaining of the wrongs of appellant; alleged her damages at $64.35 actual and $800 exemplary, a total of $864.35. On the 25th day of June, 1918, plaintiff filed . her second amended petition, upon which she went to trial. In this second amended pe- tition she alleged, among other things, that on the 24th day of February, 1916, she pur- chased the ticket with · coupons attached above described; that while en route from Eagle Lake to Victoria on said 24th of Feb- ruary, 1916, she left appellant's train at Wharton, and for the purpose of procuring transportation from the depot of appellant at Wharton to the depot of the G., H. & S. A. Ry. Co. at the same place she approached an omnibus driver, and presented to him her said ticket together with said transfer cou- pons, and that said driver refused.to trans- port her from appellant's depot to the depot of the G., H. & S. A. Ry. Co.; that he gave as his reason for not giving her such transporta- tion that she was a negro and that he did not transport negroes in his omnibus. She also alleged inferentially that the man she so approached, and to whom she exhibited her ticket, was an agent of appellant. She fur- ther alleged that there was no mode of trans- portation from one of said depots to the other except the omnibus owned and con- trolled by the man approached by her, and that by reason of the failure and refusal of appellant to transport her from its depot to the depot of the G., H. & S. A. Ry. Co. she was forced to walk to the latter; that on her return trip from Victoria, Tex., to Eagle Lake, Tex., on about the 26th day of Febru- ary, 1916, she again presented her ticket which she had purchased from defendant, and that plaintiff was again refused transporta-

tion from the depot of the G., H. & S. A. Ry. Co. to the depot of defendant, and by reason thereof was forced to walk, and that by reason of the refusal to permit plaintiff to ride on said omnibus plaintiff failed to make connection with defendant's train and was forced to remain in Wharton overnight, at her expense in the sum of $3; that by reason of the willful, wanton, malicious, and gross negligence of the defendant's servants, agents, and employés in refusing transportation to plaintiff, as hereinbefore alleged, she was made sick and suffered actual damages in the sum of $300, consisting of expenses incurred in Wharton for lodging, meals, etc., in the sum of $3, $25 for medicine and doctors, and $32 in loss of time as a school-teacher, and that all of said damages were caused by the negligence of the defendant; that by reason of defendant's agents, servants, and employés maliciously, knowingly, and wantonly and without any just cause refusing transportation to plaintiff in omnibus owned and controlled by defendant, upon which plaintiff had, for a valuable consideration, paid to defendant for transportation thereon, defendant is liable to plaintiff for exemplary damages, in that the acts and conduct of defendant's agents, servants, and employés were maliciously and intentionally done, in the sum of $500. Her prayer was for judgment against appellant for $300 actual damages and $500 exemplary damages.

Defendant, appellant here, filed its answer upon which the cause was tried on the 25th day of June, 1918, wherein it demurred to plaintiff's petition, for the reason that said petition shows on its face that more than two years had elapsed from the date of the accrual of plaintiff's cause of action, to wit, February 24 and 26, 1916, before the suit was legally brought, if it was ever so brought, and therefore it is made to appear that said cause was barred by the two-year statute of limitations. Answering to the merits of the cause, it denied generally, pleaded not guilty, and specially denied that the man approached by plaintiff for transportation from depot to depot at Wharton was its agent, servant, or employé. It also pleaded the two-year statute of limitation in bar of plaintiff's right to recover. It admitted, however, that the ticket, as alleged by plaintiff, was sold by it to her, and says that it is advised and believes that the transfer coupons attached thereto were never used by her, and that she is entitled to 65 cents refund, the value thereof, which sum it tendered to plaintiff.

The court overruled defendant's demurrer. A jury before whom the cause was tried returned a general verdict in favor of plaintiff for $60 actual and $300 exemplary damages. Defendant has appealed.

By the first and second assignments it is in substance contended: First, that the filing of plaintiff's original petition by which she sought to recover judgment for the sum of $1,032.35 in the county court was a nullity and utterly void, and did not have the effect to interrupt the running of limitation against plaintiff's cause of action, because the amount sued for was beyond the jurisdiction of the county court, and that the filing of the first amended petitions by the permission of the court was the beginning of an entirely new suit, and that, as it and all subsequent amendments were filed more than two years after the accrual of plaintiff's cause of action, such cause was barred by the two-year statute of limitation, and that, as such bar was shown upon the face of the pleadings of plaintiff, the court erred in not sustaining defendant's demurrer; second, that if the defendant be in error in its contention that the whole of plaintiff's claim was barred by the two-year statute of limitation, still the claim for exemplary damages was barred under said statute, as it was based upon an alleged tort, and not upon a breach of contract, and the court erred in not so holding.

[1-3] The county court was without jurisdiction of the cause of action declared upon in the original petition. The filing of the petition was not the "commencement and prosecution of a suit," and did not operate as "an interruption of limitation." Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103, and authorities there cited. However, the filing of the paper designated as the first amended petition either with or without permission of the court was the "commencement of a suit," and did have the effect to interrupt limitation, if the cause of action had not already been barred before it was filed. This new suit was for a sum within the jurisdiction of the county court, and after it was filed appellant appeared and filed its answer thereto.

[4] We next come to the inquiry as to whether the cause of action as made by the so-called first amended petition and subsequent amendments was barred by the two-year statute of limitation prior to the filing of the first of said amendments. It is shown by the petition itself that it was not filed until more than two years had elapsed after the accrual of the cause of action declared upon, so, if the two-year statute applies, the cause would, at the time his suit was filed, be barred. By article 5688, Vernon's Sayles' Civil Statutes, 1914, it is provided:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt when the indebtedness is evidenced by or founded upon any contract in writing."

The question now presented is whether the cause of action stated in the so-called first amended petition and subsequent amendments comes under the provisions of the two

or four year statute of limitation. If it comes under the provisions of the first, it was barred when this suit was commenced, but if under the latter, it was not barred at the time of the commencement of the suit. This question, we think, has been decided adversely to the contention of appellant by the following authorities: Elder Dempster & Co. v. St. L. Ry. Co., 105 Tex. 628, 154 S. W. 975; Davies v. Texas C. Ry. Co., 62 Tex. Civ. App. 599, 133 S. W. 295.

We think the sale of the ticket, with the transfer coupons attached, by appellant to appellee for a valuable consideration, and an acceptance thereof by appellee, constituted a contract between the parties. That it was in writing is undisputed. Viewed with reference to the statute of limitation, an action against a carrier for damages resulting from a breach of contract for safe carriage of freight or person is one founded upon a contract, and not for tort, and if such contract is one in writing, the cause of action is governed by the statute fixing the period within which actions for breach of contract may be brought. 25 Cyc. p. 1033, § 3; Davies v. Railway Co., 62 Tex. Civ. App. 599, 133 S. W. 295; Robinson v. Varnell, 16 Tex. at page 389; Elder Dempster Co. v. Railway Co., 105 Tex. 628, 154 S. W. 975.

In the case last cited the Supreme Court quotes with approval from Robinson v. Varnell, as follows:

"It is admitted that the action is founded on a contract in writing; but it is insisted the limitation of four years does not apply, because it is not an 'action of debt.' It is true it is not an action of debt, nor an action to recover a debt, technically so called. Technically we have no such action as an action of debt. If we were to construe the statute literally, according to the technical signification of its terms, it is plain the present case would not come within any of its provisions. It is not technically an action of debt, or an action to recover a debt; but it is an action to recover a sum of money, technically damages founded on the breach of a contract in writing for the delivery of specific property. * * * It must, then, receive such a reasonable and liberal interpretation as will give it effect according to the spirit and intention of the statute. To do this, we must disregard the technical distinction of forms and terms, and look to the substance and manifest object of the statute. That, obviously, was to prescribe a limitation of all actions for the recovery of money upon contracts in writing, without reference to any technical distinction of terms, which have no place in our system. We cannot suppose that either the term 'actions' or 'debt' was used in a strictly technical common-law sense; the term 'actions' with reference to common-law forms, or 'debt' in reference to the strict common-law meaning of that term. We cannot give that construction to the term 'actions,' for the obvious reason that we have not the common-law forms of action; and though there would not be the same difficulty in giving a technical meaning to the term 'debt,' there is no more reason for supposing that such a meaning was attached to it by the Legislature. The more reasonable construction, and that which best harmonizes with the general provisions and policy of the statute, we think, is to consider the terms 'actions of debt, grounded on any contract in writing,' as including all suits brought to recover money for the breach of a contract in writing, without regard to the technical distinction between debt and damages. The present action was brought upon a contract in writing, to pay a sum certain in money, technically a debt, and an unliquidated sum for the breach of the contract to deliver specific property, technically damages. Both demands arise upon the breach of the same written contract; and it cannot have been intended in such a case that one period of limitation should bar one part of the cause of action, and a different period another part, arising upon the same contract, merely because, in technical legal phrase, the one is called debt, and the other damages. The suit, being for the recovery of money for the breach of a written contract, comes within the reason and intention of the provision prescribing the limitation of actions for money demands arising upon written contracts; which being four years, the court did not err in holding that the right of action was not barred by the statute."

We hold that appellee's claim for actual damages, as set forth in his petition, is founded upon a contract in writing, and is governed by section 1 of article 5688, Vernon's Sayles' Civil Statutes, which declares that "actions for debt, where the indebtedness is evidenced by or founded upon any contract in writing" may be brought in four years.

[5] The second contention of appellant— that is, that the claim of plaintiff for exemplary damages, even if sufficiently alleged, constituted at most a claim for damages for tort, and is therefore governed by the two-year statute of limitation and was barred on the 12th day of April, when this suit was first legally filed—is sustained. While it has been held in some cases that a cause of action for breach of contract and for damages for a tort may be appropriately joined in one suit where both grew out of the same transaction, and, if the tort was maliciously committed or was due to the gross negligence of the wrongdoer, exemplary damages might be recovered therefor (Railway Co. v. Shirley, 54 Tex. 142; S. W. T. & T. Co. v. Luckett, 60 Tex. Civ. App. 117, 127 S. W. 856), we know of no decision holding that such cause of action for tort would be governed by the statute of limitation of four years. Actions for damages for tort are generally, under the statute of limitation, barred in two years, and we see no good reason for applying a different rule in this case.

It would serve no useful purpose to discuss in detail or specifically pass upon each of the remaining 14 assignments of error presented in appellant's brief, and we shall content ourselves with a brief statement of the additional grounds upon which we have con-

cluded that the judgment of the trial court should be reversed.

[6] The trial court instructed the jury as follows:

"If you find from the evidence that plaintiff bought from defendant a round-trip ticket from Eagle Lake to Victoria and return, with transfer coupons part thereof for carrying holder of such ticket from the Gulf, Colorado & Santa Fé Railway Company depot in Wharton, Tex., to the Southern Pacific depot in that city, and on the plaintiff's return from the Southern Pacific depot in Wharton, Tex., to the Gulf, Colorado & Santa Fé Railway Company depot in that city, and that such transfers were to be made from and to such depots, respectively, in Wharton, Tex., upon the surrender by plaintiff to J. C. Nation of the transfer coupons attached to the ticket, and you further find from the evidence that said J. C. Nation refused to carry and transfer the plaintiff on such transfer coupon, you will find for the plaintiff in such sum as you find from the evidence were the damages sustained by the plaintiff by reason of such refusal of said J. C. Nation's bus line to carry her on said transfer coupon or coupons; and if you find from the evidence that as a result of the refusal to so carry the plaintiff she was made sick, you should find from the evidence in calculating damages, if any, doctor's bills, value of time lost in her business as a teacher, and also, if you find from the evidence failure of defendant to provide proper transfer facilities at Wharton, and that such failure caused embarrassment, mental disturbance, or physical annoyance to plaintiff, you can, as actual damages, find such amount as you find from the evidence is a reasonable compensation to plaintiff therefor."

This charge was objected to by defendant at the proper time, and it now by several assignments insists that the giving of such charge was reversible error.

[7, 8] We think the assignment should be sustained. The plaintiff alleged that J. C. Nation was the agent, servant, and employé of defendant, whose duty it was to transfer passengers holding transfer coupons issued by defendant from one depot in Wharton to the other, and that she presented to said J. C. Nation the transfer coupons issued and sold to her by defendant, and that said Nation refused to transfer her from depot to depot, to her damage, etc. Defendant specially denied that J. C. Nation was its agent. The only testimony even remotely tending to show that Nation was the agent of defendant was that of plaintiff, and all of her testimony relative thereto was that when she approached Nation on the 24th day of February, 1916, at Wharton, and asked him if he was the railroad transfer man, he said he was. Nation testified that he never told plaintiff that he was the railroad transfer man; that he was not the agent of the defendant for any purpose at the time plaintiff approached him, and had never been such agent. It is therefore apparent that the court erred in assum-

ing in the charge that Nation was the agent of defendant and in instructing them that the act of Nation in refusing transportation from depot to depot to plaintiff was chargeable to defendant. Again, by this charge the jury is told that, if they should find from the evidence that as a result of the refusal to transfer plaintiff she was made sick, they should find from the evidence in calculating damages, if any, doctor's bills.

In our opinion, neither the pleadings nor the evidence justified the court in instructing the jury that in finding their verdict they should consider "doctor's bills." There is no allegation that plaintiff paid the sum claimed as "doctor's bill" to any one, or that she assumed to pay any such bill, nor is there any allegation that the amount named as being due for doctor's bills and medicine was a reasonable charge for such services and medicine. The doctor to whom plaintiff said she owed the bill testified that he was never called by plaintiff to attend her on account of any sickness contracted by her in February, 1916; that he never knew of any such sickness and has never made any charge against her for any such service. Defendant objected to the charge in due time and presented special charges to correct the same, which were by the court refused and the objections overruled. We think it clearly apparent that the court erred in giving the charge.

There may be other errors complained of by appellant, but, as they would not likely occur upon another trial, we refrain from further discussion of them.

For the reasons pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.